THE CLYDESDALE HORSE COMPANY, Respondent, v. E. BENNETT & SON, Appellants.

Kansas City Court of Appeals, January 16, 1893.

1. **Principal and Agent:** HOLDING OUT: RATIFICATION: VARIANCE. Plaintiff bought of defendant's agent a horse on condition, that, if he did not prove as warranted, he should be returned to defendants, who agreed to replace him with another of the same breed and price. Plaintiff returned the horse to the same agent at the defendants' stable, who received him, showed plaintiff other horses but offered none of the same breed and price as it demanded. Plaintiff tried to see defendants but was unable to do so. There was in evidence an admission of one of the defendants that the agent had full charge of defendants' horse business. Defendants afterward disposed of the returned horse. *Held:*—

    (1) The agent had power to bind the defendants by receiving the horse, and it was sufficient to make demand of him to replace him.

    (2) That defendants ratified the act of the agent by disposing of the horse.

    (3) That there was no variance between the evidence and the allegation that the plaintiff had returned the horse to defendants, and made demand on them.

2. **Practice, Trial:** VARIANCE: AFFIDAVITS. No variance between the allegation and the proof shall be deemed fatal unless it has actually misled the party to his prejudice on the merits, which must be made to appear by affidavit.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*Quinton & Quinton* and *Hackney & Thomas*, for appellants.

The petition alleges a delivery of the horse to E. Bennett & Son, and alleges a refusal by E. Bennett & Son to exchange for another horse of the same price and breed, pursuant to the contract. This was the issue joined. The object of the declaration "is to apprise the defendant of what he is called upon to answer, that he may prepare his pleadings and evidence, necessary for his defense." Under the allegations of the declaration, we insist it would be a failure of proof to show a delivery to one McLaughlin, and a refusal by one McLaughlin, attempting to show an agency in McLaughlin with the authority to bind the defendants under the contract, where the basis of the action is delivery to E. Bennett & Son, and a refusal by them. *Merl & Co. v. Haskell*, 10 Mo. 409; 1 Chitty on Pleadings, 285, 286; *Peck v. Ferrara*, 19 Mo. 30; *Harper v. Railroad*, 44 Mo. 488; *Waldhier v. Railroad*, 71 Mo. 514–517; *Price v. Railroad*, 72 Mo. 416; *Bruce v. Sims*, 34 Mo. 246.

*McReynolds & Halliburton*, for respondents.

The tender and delivery of the horse to the agent of Bennett & Son was a tender and delivery to Bennett & Son. *Belt v. Ins. Co.*, 12 Mo. App. 100;

*Haywood v. Ins. Co.,* 52 Mo. 181; *Duncan v. Able,* 99 Mo. 188.   (2)   Bennett & Son ratified the agency of McLaughlin after the delivery of the horse to him by taking and disposing of the horse, said act being a waiver of any formal tender to them individually, if any was ever necessary.   *Kamper v. McManus,* 26 Mo. App. 51; *Ferris v. Theno,* 72 Mo. 446.   (3)   There was no variance between the pleadings and proof in this case. And, if there had been any variance, appellants cannot have any benefit of it here, not having alleged or shown that they were misled thereby.   Revised Statutes, 1889, secs. 2096, 2097; *Olmstead v. Smith,* 87 Mo. 602; *Shelton v. Putnam,* 76 Mo. 434; *Brown v. Railroad,* 31 Mo. App. 661.

SMITH, P. J.—This is a suit for damages for breach of contract on the warranty of a stallion.   The facts in the case as shown by the uncontradicted evidence are that plaintiffs bought of defendants a stallion named "Merry Boy" under a written guarantee to the effect that with proper care and attention he would be a reasonably sure foal getter; that in case he proved barren they agreed to replace him with another horse of same breed and price upon delivery to defendants of "Merry Boy" as sound and in as good condition as when purchased.   Plaintiffs were to pay $1,600 for the horse, which was done by giving three notes, two of which they paid before they commenced suit, and the third was in the hands of an innocent purchaser.   It was agreed on the trial defendants had sold all the notes before maturity.

The horse after a thorough trial and receiving proper care and handling proved not to be a reasonably sure foal getter.   Plaintiffs on August 13, 1889, took said horse to Topeka, Kansas, and delivered him at the stable of defendants to the party in charge, one

McLaughlin, and demanded another horse of the same breed and price which was refused by him, though he showed plaintiffs a large number of horses. Plaintiffs never at any time saw either of the defendants. They bought the horse of McLaughlin as an agent, and delivered him back to the same person as agent in charge of defendants' stables in Topeka, Kansas. At the time the horse was taken to Topeka, E. R. Bennett was in Scotland and E. Bennett was away from home, his whereabouts not being shown. Not only this, but the witness Reynolds testified that one of the defendants in the summer of 1889 stated in his presence and hearing that McLaughlin had full charge and control of defendants' business in Topeka, Kansas.

Plaintiffs getting no horse in exchange for "Merry Boy" left him at the stable of defendants in Topeka, Kansas, with their agent McLaughlin, and defendants afterwards disposed of him. And, failing to give or offer plaintiffs a horse of the same breed and price, plaintiffs brought suit for damages and recovered judgment for the purchase price and six per cent. interest from date of return of horse, from which defendants have appealed.

The appealing defendants complain of the action of the trial court in overruling their demurrer to the plaintiffs' evidence. The grounds of the demurrer to the plaintiffs' petition alleged that the horse was delivered to defendants who refused to give plaintiffs another horse of the same price and breed in his stead, while the plaintiffs' proof shows a delivery to one McLaughlin and a refusal by him to give plaintiffs another horse of like price and breed in his place. It is contended by defendants that this constituted a fatal variance between the *allegata* and *probata*. This contention we cannot sustain. The evidence tended quite conclusively to show that McLaughlin was the general agent

of the defendants for the transaction of their horse business. They were non-residents of the state of Kansas, or if not they were usually absent in Scotland or elsewhere. The plaintiffs never saw them though they endeavored to do so. It was McLaughlin who sold them as agent for defendants the horse, and took their notes payable to the defendants for the purchase money. It was he who received the horse back from the plaintiffs. It was he who offered plaintiff other horses of different values from that of "Merry Boy" in place of him. It was he who spoke and acted for defendants in the whole transaction from beginning to the end. These facts, coupled with the admission of one of the defendants to the effect that McLaughlin was defendants' agent at Topeka for the management of their horse business there, leave no reasonable doubt in our mind that the latter was such agent.

The subsequent disapproval of the horse by defendants was a ratification of the whole transaction of McLaughlin with plaintiffs, if the latter was not in the first instance invested with authority as the agent of defendants to make the transaction. The rule is fundamental that if the principal elects to ratify any part of the unauthorized act he must ratify the whole of it. He cannot avail himself of it so far as it is advantageous to him and repudiate its obligations. Mechem on Agency, sec. 130.

In any view of the case that may be taken McLaughlin must be regarded as the agent of defendants in the matter out of which this controversy arose. Therefore, the tender of the horse by plaintiff to and receipt of him by McLaughlin was a tender and delivery to defendants, and proof of this fact was all that was required to support the allegation of the petition as to the tender of the horse to defendants. There was no

such fatal lack of correspondence between the allegation and proof as the defendants seems to suppose. None of the authorities cited by defendants lend support to their contention.

It is not contended there was an entire failure of proof, but that there was a variance between the allegation in the petition and the proof. The statute is that no variance of this kind shall be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits; when it shall be alleged that a party has been so misled, that fact shall be proved to the satisfaction of the court by affidavit showing in what respect he has been misled. Revised Statutes, sec. 2096; *Brown v. Railroad*, 31 Mo. App. 661; *Turner v. Railroad*, 51 Mo. 509; *Meyers v. Sharp*, 57 Mo. 56. Nothing of the kind was done by defendants, so that they are in no situation to make the complaint they do.

The appeal seems to us without merit, and for that reason the judgment will be affirmed. All concur.