JAMES HANSBERGER, Respondent, v. SEDALIA ELECTRIC RAILWAY, LIGHT & POWER COMPANY, Appellant.

Kansas City Court of Appeals, February 5, 1900.

1. **Pleading: EVIDENCE: INSTRUCTION: VARIANCE: SURPRISE.** A petition alleged that upon signal a street car stopped and plaintiff took hold of the handrail and stepped, etc., to get on when the motorman negligently and carelessly let off the brake and caused the car with great force and speed to lurch forward, etc. The evidence showed the car was moving slowly when the plaintiff attempted to enter. The instruction permitted a recovery if the motorman undertook to stop the car to receive plaintiff and at the time of accident the car was nearly stopped or moving slowly. *Held*: There was no variance since the allegation of the petition was not unproved in its entirety as the allegation that the car stopped was matter of inducement and the gravamen of the complaint was the negligence in letting off the brake, etc.; but if there be a variance it can not be availed of since appellant filed no affidavit of surprise. Chitty v. Railway, 148 Mo. 64, distinguished.

2. **Negligence: CAREFUL EMPLOYEES: INSTRUCTION: HARMLESS ERROR.** An instruction telling the jury that it was defendant's duty to have careful employees in charge of its cars is not improper in this case and, if unnecessary, it was harmless.

3. **Street Railways:** DUTY TO STOP CAR: INSTRUCTION: HARM-LESS ERROR. An instruction that it is the duty of a street car when signalled to stop and receive the passenger and not move until he is in a place of safety, is held in this case a harmless abstraction.

4. **Trial Practice:** CREDIBILITY OF WITNESSES: WEIGHT OF EVIDENCE: INSTRUCTION: FALSUS IN UNO. An instruction relating to the credibility of witnesses and the weight of evidence is fatally defective when it submits to the jury only the credibility of the witnesses appearing before the jury and not those testifying by deposition, and likewise submits the importance of the testimony as well as its weight and allows them to form their belief from all they had seen and heard at the trial, and confines the jury in applying the rule of falsity to the facts mentioned in the instructions and not permitting them to apply the rule to all the facts in the case whether mentioned in the instructions or not.

5. **Personal Injury:** MEASURE OF DAMAGES: INSTRUCTION: PETITION. Under the petition in this cause an instruction on the measure of damages allowing recovery for mental and physical pain suffered and to be suffered, for permanent injury and for all damages present and future, the necessary result of the injury, was proper.

6. **Street Railways:** ENTERING MOVING CAR: CONTRIBUTORY NEGLIGENCE: JURY QUESTION. To attempt to get on a car in rapid motion is negligence *per se;* but whether to undertake to get on a car barely moving or not moving at a greater rate than from one to three miles an hour is negligence, is a mixed question of law and fact and should be submitted to the jury under proper instructions.

7. ———: EVIDENCE: PLEADING: CONSTRUCTION OF STEP. In an action to recover for personal injury, evidence as to the fault of construction of the step to the street car is admissible where the petition counts on negligence in suddenly starting the car.

Appeal from the Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

REVERSED AND REMANDED.

*Montgomery & Montgomery* for appellant.

(1) Plaintiff's instructions numbered one, four and five, submitted to the jury a different cause of action from the one

pleaded. Meriwether v. Cable Co., 45 Mo. App. 528; Chitty v. Railway, 148 Mo. 64; Mason v. Railroad, 75 Mo. App. 1; Bartley v. Railway, 148 Mo. 139. (2) Plaintiff's first instruction imposes a duty on the defendant, which it is not charged with the violation of, viz.: The duty of having careful employees in charge of the cars. (3) Plaintiff's third instruction is ambiguous; construing it in harmony with the petition, it is consistent with plaintiff's first, fourth and fifth instructions. Construing it in harmony with these instructions, it is not the law. (4) Plaintiff's first, fourth and fifth instructions do not properly submit any cause of action to the jury. Worthington v. Railway, 72 Mo. App. 166; Meriwether v. Cable Co., 45 Mo. App. 534. (5) Plaintiff's sixth instruction allowed the jury to include in the damages, compensation for future pain. This was erroneous, because there is no evidence, and the petition does not allege that plaintiff will suffer any pain in the future from the injury. (6) The court erred in permitting plaintiff to introduce evidence showing that the car step was very short, very high and rounded out, so as to be dangerous. Bartley v. Railway, 148 Mo. 139.

*John Cashman* for respondent.

(1) Defendant's first objection is that plaintiff's instructions numbered one, four and five, submitted to the jury a different cause of action from the one pleaded. These instructions are based on the evidence, and are authorized by the pleadings and the proof. The following authorities dispose of defendant's first objection. Ridenhour v. Railway, 102 Mo. 270; Mellor v. Railway, 105 Mo. 455; Gannon v. Gas Co., 145 Mo. 502; Prewitt v. Railway, 134 Mo. 615; Leslie v. Railway, 88 Mo. 50; Olmstead v. Smith, 87 Mo. 602; Wise v. Railway, 85 Mo. 178; Bank v. Taylor, 69 Mo. App. 99; Pancoast v. Gas Co., 60 Mo. App. 57; Horse Co. v. Bennett & Son, 52 Mo. App. 333; Lalor v. Bryne, 51 Mo. App. 578; Haughey, L. & U. Co. v. Joyce, 41 Mo. App. 564; Corri-

gan & Waters v. Brady, 38 Mo. App. 649, 659; Taylor v. Pen-
quite, 35 Mo. App. 389, 402; Hoyt v. Quinn, 20 Mo. App.
72; Sackewitz v. Biscuit Co., 78 Mo. App. 144; Toppass
v. Syrup Co., 74 App. 402. (2) The variance complained
of could have been cured by amendment at the trial upon ob-
jection to the evidence authorizing the giving of the instruc-
tions above criticised. The defendant, however, chose to re-
main silent; filed no affidavit setting up surprise, for which
he is now precluded under the construction given to sections
2096, 2097, 2098, 2100, 2101, 2238, 2239, 2113, 2114 and
2117, Revised Statutes 1889, by the supreme court in Mellor v.
Railway, 105 Mo. 455. (3) The most that defendant can com-
plain of is that there was a variance between the pleadings
and the proof. Where the proof when offered is not objected
to the instructions may follow the proof, and it is too late to
make the objection for the first time in this court. Mellor v.
Railway, 105 Mo. 455, 471, and cases cited; Olmstead v.
Smith, 87 Mo. 602; R. S. 1889, sec. 2097. (4) No variance
is considered fatal under our code, unless it amounts to an en-
tire failure of proof. Casey v. Donovan, 65 Mo. App. 521;
Horse Co. v. Bennett & Son, 52 Mo. App. 333; Lalor v.
Byrne, 51 Mo. App. 578; Corrigan & Waters v. Brady, 38
Mo. App. 649, 659; Bank v. Leyser, 116 Mo. 51; Boggess v.
Railway, 118 Mo. 328. (5) It is not negligence *per se* to
attempt to board a street car while moving. Schepers v.
Railway, 126 Mo. 665; Fulks v. Railway, 111 Mo. 335;
Weber v. Railway, 100 Mo. 194. (6) It is not necessary
to plead future pain and suffering. When the injury is
permanent, a general allegation of damages will be a suffi-
cient basis for allowing compensation for these elements.
They are the necessary and natural results of the act com-
plained of, and need not be specially pleaded. Gerdes **v.**
Iron & Foundry Co., 124 Mo. 347, 361; Barth v.
Railway, 142 Mo. 535; Coontz v. Railway, 115 Mo. 669; Mel-
lor v. Railway, 105 Mo. 455; Kupferschmid v. Railway, 70 Mo.

App. 438. (7) The inquiry as to the information of the car step, in the cross-examination of the motorman, Brown, was first, within the bounds of proper cross-examination, and second, it was proper as presenting to the jury, as nearly as possible, the correct formation of the approach to the car, and third, it was responsive to the answer of the witness when he said plaintiff slipped when attempting to board the car. (8) The defendant's fourth instruction was properly refused. It arbitrarily declared the act of attempting to mount a moving car to be such contributory negligence as, in itself, without qualification, would preclude a recovery entirely. This is not the law. Schepers v. Railway, 126 Mo. 665; Fulks v. Railway, 111 Mo. 335; Weber v. Railway, 100 Mo. 194.

SMITH, P. J.—Action to recover damages for personal injuries. The petition of the plaintiff alleged, that on September 15, 1897, plaintiff approached the track of defendant at the intersection of Fifth and Ohio streets, in Sedalia, and signaled the car of the defendant, which was approaching from the north; that in response to said signal the motorman in charge of said car, brought the car to a stop; that thereupon plaintiff believing that said car had stopped for him to board the same, took hold of the handrail and then set one foot on the step to board said car, but before plaintiff could or had time to step upon said car, the said motorman, negligently and carelessly instantly let off the brake, turned on the power, and thereby caused said car instantly and with great force and speed to lurch forward and violently strike plaintiff upon the body, whereby he was thrown down and under said car, etc.

There was a trial resulting in judgment for plaintiff, and from which defendant has appealed.

I. The defendant objects that the court erred in giving the plaintiff's instructions numbered one and five. Number one told the jury that if it believed from the evidence that the "plaintiff signaled to the motorman in charge of said car

to stop the same and the motorman saw said signal and undertook to stop said car for the purpose of receiving said plaintiff as a passenger thereon and that at the time said car was nearly stopped, or moving slowly that plaintiff could have boarded or entered the same with safety by the exercise of reasonable and ordinary care, and that he did attempt to board said car and in doing so he exercised such care as a reasonably careful and prudent person would have exercised under the same circumstances, and that while he was so attempting to board said car, and when he had taken hold of the handrail and had one foot on the step, the motorman in charge of said car carelessly and negligently threw off the brake and turned on the electrical current, and thereby caused the car to lurch, or start suddenly forward, and that by reason of such sudden starting forward of said car the plaintiff was thrown down and off the car and run over and injured, without any negligence on his part directly contributing thereto, then this verdict will be for the plaintiff."

And the fifth told the jury that, although they believed that plaintiff undertook to get on defendant's car while in motion, yet if it was moving slowly and at such a rate of speed that a reasonably prudent person in the exercise of ordinary care and prudence could have boarded said car in safety and that the plaintiff in attempting to board said car exercised such care and prudence, as a reasonably prudent person would have done at the time under the same circumstances, then the fact that the car was still in motion when the plaintiff undertook to board it does not relieve the defendant from liability if the defendant was at the time guilty of negligence in the management and operation of said car, and such negligence was the direct cause of the plaintiff's injuries.

The plaintiff deposed that: "I waited for the car to come up and gave him the signal with my right hand and the car came up and practically stopped, and I took hold of the front part of the car, the handle or hand rail on the front part

of the car.   I got one of my feet on the step when the motor-man turned on the power and it throwed me face forward with my right arm, or my left arm rather, going across the track and the piece under there hit me in the side.   The only thing I remember was the wheel going over my arm and after that I did not know.   At the time I went to get on the car it had not entirely stopped.   It was just moving a little when I reached out my hand and took hold of the handrail on the platform.   I did not take hold with my left hand and * * * did not have time to do so before the motorman turned on the current and knocked me down."   Three other witnesses testified for plaintiff to the effect that when plaintiff took hold of the handle bar and placed one foot on the step of the platform of the car it had not come to a dead stop, but was moving just a little bit "nearly stopped but had not stopped."   "Had slowed up but was moving."

Some of the witnesses for defendant testified that at the time the plaintiff attempted to board the car it was running at a speed of about three miles an hour; whilst another testified that its speed was about a mile an hour.

It is thus seen that there is a variance between the allegations of the petition and the instruction.   The petition alleges that the defendant had stopped its car to allow plaintiff to enter the same, and that while he was proceeding to do so its motorman negligently turned on the full current of electricity, and thereby caused said car to instantly and with great force and speed lurch forward, whereby plaintiff was thrown down and under said car, etc.

The plaintiff's two instructions told the jury that if it found that the defendant's motorman saw the plaintiff's signal and undertook to stop the car for the purpose of receiving plaintiff as a passenger thereon, and that at the time the car was nearly stopped or moving slowly that plaintiff could have entered the same with safety by the exercise of reasonable and ordinary care, and that in the exercise of such care while at-

tempting to get on board of the car and when he had taken hold of the handrail and had one foot on the step, the motorman in charge of the car negligently turned on the electrical current and thereby caused the car to start suddenly forward, by reason whereof plaintiff was thrown down, run over, etc.

The evidence adduced by the plaintiff tended to support the theory of his instructions. The concurrent testimony of all the witnesses was that the car had not fully stopped at the time the plaintiff attempted to get on board of it. No objection was taken to this evidence, either by demurrer or otherwise.

The defendant contends that the liability for an injury caused by suddenly starting a car which is standing still is established by proof of certain facts, but that if the injury is caused by suddenly accelerating the speed of a moving car, the liability is established by proof of other and different facts, and that it therefore inevitably follows that the cause of action alleged in the petition is not that upon which plaintiff was permitted to recover. But suppose this contention be conceded to the defendant: is he entitled to a reversal of the judgment for that reason? It is incontrovertable that the instructions to which objection is made by defendant are sufficiently supported by the evidence. Nor is there any complaint that, if the petition alleged the facts hypothesized by them, they would not, in that case, correctly express the law. The allegation of the cause of action to which the proof was directed was not unproved in its entire scope and meaning, and there was, therefore, not an entire failure of the evidence. The allegation in the petition that the defendant "stopped" the car for the purpose of allowing the plaintiff to get on the same is no more than the allegation of a matter of inducement, and no negligence is alleged in doing that act. The negligence alleged consists in letting off the brake and turning on the full current of electricity while plaintiff was in the act of getting on the car. So that it may be well doubted whether there

was any substantial variance between the facts alleged and those proved.

But if there be such a variance, it can not be made available to defendant as a ground of reversal, since it did not take advantage of the supposed variance in the manner pointed out by the statute. No affidavit was filed stating that it had been misled to its prejudice in maintaining its defense upon the merits. R. S. 1889, sec. 2096; Ridenhour v. Railway, 102 Mo. 270; Mellor v. Railway, 105 Mo. 455; Turner v. Railway, 51 Mo. 501; Clements v. Maloney, 55 Mo. 352; Ely v. Porter, 58 Mo. 158; Bank v. Wills, 79 App. 275; Olmstead v. Smith, 87 Mo. 607; Clydesdale v. Bennett, 52 Mo. App. 333.

The defendant cites and greatly relies on the recent case of Chitty v. Railway, 148 Mo. 64. In that case the petition charged that the injury was occasioned by a collision. The plaintiff was given two instructions, one of which authorized a verdict for plaintiff, if the jury found the facts so alleged in the petition; and the other authorized a verdict if it was found that the injury was caused by the plaintiff's leg being caught between the door and the jamb thereof, while he was attempting to escape from the caboose when he had reasonable cause to apprehend a collision and the danger thereof was then imminent and impending, etc. "The negligence averred was a collision and the proof was that the injury was received while attempting to escape from the caboose to avoid injury from an apprehended and imminent and impending collision which he believed was about to occur. The proof of one such cause of the injury necessarily disproves the existence of the other, and, in this case, the plaintiff elected to stand upon the first cause stated, and his evidence supports that theory, yet after telling the jury in the first instruction to find for the plaintiff if they believed the injury was received from this cause, the court told them, in the second instruction, to find for the plaintiff if they found he was not injured from the specific acts of negligence charged but was injured in

another and different manner caused by negligence the existence of which necessarily disproves the existence of the specific negligence alleged and relied on in the petition."

It is thus made quite plain that the case here is quite unlike that, from which we have just quoted. In that case the court by its instructions for plaintiff not only authorized the jury to find for plaintiff, if it found the facts alleged in the petition, but also authorized it to find for plaintiff if it found a different unalleged state of facts, the proof of the existence of which would disprove those alleged in the petition. It therefore must be manifest that the ruling there made can not be invoked as an authority applicable here. Without specially noticing the other cases cited by the defendant, in connection with that of Chitty v. Railway, it is proper to say that it will be found, on a close examination of each of them, that they have no direct bearing on the point under consideration.

The defendant further complains that the plaintiff's said first instruction is open to the objection that it declared that it was the duty of defendant to have in charge of its cars careful employees to manage the same. This complaint is, we think, without merit. This instruction declared what it is conceded was the proper measure of duty imposed by law on the defendant while engaged in operating its railway. The jury was thereby further told that if it found the facts existed which were therein specified that then the defendant had neglected to fill the measure of duty required of it by law and was therefore liable. But if we are wrong in this it is not perceived that the defendant was in any way harmed by the words of the instruction, to which it objects. It is our conclusion therefore that the court did not err in giving plaintiff's said instructions number one and five. And this, for like reasons, is true as to his fourth.

The defendant objects further that the plaintiff's third instruction, which declared that, if "at the time the plaintiff

undertook to board the defendant's car, the motorman in charge of said car saw plaintiff and knew that he wanted to get on said car as a passenger, then it was the duty of the defendant to stop the car, and not to move it until plaintiff was in a place of safety on said car." The jury was not required by any instruction to predicate liability on the violation of the duty declared by this instruction. It was little, if anything, more than a harmless abstraction.

The defendant further objects to the plaintiff's sixth instruction, which told the jury that they were the sole judges of the credibility of the several witnesses that had appeared before them, and the weight and importance of their respective statements of testimony, and if they believed from all they had seen and heard at the trial of this case that any witnesses had willfully sworn falsely as to any of the facts mentioned in the instructions, then they were at liberty to disregard entirely the testimony of such witness, was erroneous in expression. It told the jury that it was the sole judge of the credibility of the several witnesses who had appeared before it. Plaintiff, it seems, did not appear before it, but his deposition was read by his attorney.

The jury may have very well concluded that since the plaintiff did not personally appear before it that his credibility was not open to question by it. It is disclosed by the evidence that there was a conflict between the testimony of the plaintiff and some of the other witnesses in respect to matters which were material for the jury to consider in determining the issues, and therefore it may be that the direction of this instruction greatly misled the jury to the prejudice of the defendant.

Again, the jury were further told in the same instruction that it was the sole judge of the weight and importance of the statements and testimony of the witnesses. The weight of the testimony is primarily at least a question for the jury to determine, but the materiality is always a question for the

court. The term "importance" as used, standing in the relation which it does to the word "weight," is not interchangeable with the latter. To tell the jury that it is the sole judge of the importance of the testimony of any witness was to tell it, by an equivalent term, that it was the judge of the materiality of the testimony. It might have concluded that under this direction it was authorized to reject certain testimony, not because untruthful but because it was immaterial. It may have, under this direction, rejected much testimony because in its judgment unimportant or immaterial, and thereby caused an improper shifting of the weight of the evidence, which, otherwise, would not have taken place.

It is objected that the phrase "from all they had seen and heard at the trial of the case" was too broad. Most certainly a jury is not warranted in wholly disregarding the testimony of a witness unless there is that in his appearance, or demeanor while testifying, or some inherent defect in his testimony, or inconsistency with that of other witnesses, or physical facts, which lead it to the conclusion that the witness is untruthful. The instruction in this regard is fairly subject to the defendant's criticism.

The defendant further objects that these words of said instruction, viz.: "to any facts mentioned in the instructions" are too restrictive. If any witness willfully swore falsely to any material fact, whether mentioned in the instructions or not, that fact was sufficient to authorize the jury to entirely disregard the testimony of such witness. It often occurs that the constitutive facts of a case are established by inference from other facts which are proved. The constitutive facts are referred to in the instructions but those from which all or part of them are inferred are not therein referred to. Now, a witness may have willfully sworn falsely in relation to one or more of the latter facts, and yet, under the instruction, the jury so believing would not be authorized to disregard the testimony of such witness. In the present case the plaintiff

deposed to a number of material facts which were not referred to in the instructions. This testimony was at variance with that of other witnesses relating to the same facts, and yet the jury might have very well concluded that, even though the plaintiff had willfully sworn falsely in giving such testimony that it was not authorized to disregard plaintiff's entire testimony because the facts to which it related were not mentioned in the instructions. This, we think, sufficiently demonstrates the impropriety of the action of the court in restricting the authority of the jury, as was done by this instruction. We can not but think that its enunciation was highly prejudicial to the defendant and that it should not have been given.

The plaintiff's instruction relating to the measure of damages is not open to the objection which the defendant suggests. The petition claimed that on account of the negligent acts of defendant, and on account of injury sustained, as well as the permanent nature thereof, and on account of the physical and mental pain and anguish endured, and on account of moneys expended for surgical attendance and medicines, that plaintiff was damaged in the sum of five thousand dollars. This instruction told the jury that if they found for plaintiff to assess such damages as it believed from the evidence would compensate him for his injuries, including (1), mental and physical pain suffered; and (2), that he will suffer; and (3), permanent injury sustained; and (4), all damages present and future believed to be the necessary results of the injury, etc. In view of the ruling made in Gordes v. Iron & Foundry Co., 124 Mo. 347, this instruction was sufficient under the allegations of the petition.

The defendant further complains of the action of the court in refusing its fourth instruction, which was to the effect that, if at the time and place mentioned in the plaintiff's petition the plaintiff signaled the motorman operating the defendant's car to stop, and while said motorman was in the

act of slowing the speed of said car plaintiff without waiting for the car to stop, attempted to get on and was in consequence thrown down and injured, he can not recover in this action. This instruction was, as we think, an incorrect expression of the law. It can not be said, as a matter of law, that a person of the experience that plaintiff was shown to have had, in attempting to get on a street railway car moving at no greater rate of speed than from one to three miles an hour, though propelled by electricity, would be guilty of such contributory negligence as would preclude a recovery. The car which plaintiff attempted to get on was, according to the testimony of some of the witnesses, barely moving, or going at a speed of not more than a mile an hour. To attempt to get on or off a car while in rapid motion would be an act of gross negligence, but it would not be negligence *per se* for one to undertake to get on a car that has slowed up until it is barely moving or not moving at a geater rate of speed than from one to three miles an hour. The question of contributory negligence in cases like this is one of mixed law and fact and should be determined by the jury under the guide of proper instructions in the light of all the facts and circumstances disclosed by the evidence. Fulks v. Railway, 111 Mo. 335; Schepers v. Railway, 126 Mo. 665; Doss v. Railway, 59 Mo. 27; Swigert v. Railway, 75 Mo. 475; Leslie v. Railway, 88 Mo. 51; Clotworthy v. Railway, 80 Mo. 221; Straus v. Railway, 75 Mo. 185; Weber v. Railway, 100 Mo. 194.

We are inclined to the opinion that the court should not have admitted the evidence relating to the construction, etc. of the step of the car, as there was no issue under which the same was admissible. The petition does not count on negligence of that kind.

We shall accordingly reverse the judgment and remand the cause. All concur.