MARCELIS C. LINDERS, Appellant, v. PEOPLES MOTORBUS COMPANY of St. Louis.—32 S. W. (2d) 580.

Division One, November 18, 1930.

*Louis J. Robinson* and *Earl M. Pirkey* for appellant.

698

Carter, Jones & Turney for respondent.

GANTT, P. J.—Action to recover fifteen thousand dollars for personal injuries. Plaintiff, a passenger on an eastbound street car on Washington Avenue, in St. Louis, Mo., alighted therefrom at Sixth Street. While on the step of the car and in the act of alighting, he saw defendant's motorbus thirty or forty feet west of the standing street car and approaching Sixth Street on the south side of Washington Avenue at six miles an hour. He then stepped to the street, and, without again looking toward the approaching bus, proceeded toward the south curbing of the avenue fifteen feet from the street car. Thus proceeding, he was struck by the motorbus, knocked to the pavement and injured. At the time and just before he was injured, passengers were alighting from and boarding the street car.

The motorbus is seven feet and nine and one-half inches at its widest point. There was evidence tending to show there was no safety zone, and evidence tending to show there was a safety zone at this point. There was also evidence tending to show that the bus traveling at six miles an hour could have been stopped in nine or less feet.

Plaintiff charged negligence as follows: Violation of the humanitarian rule; failure to warn plaintiff of the approach of the bus, and failure to stop the bus at the rear of the street car while it was receiving and discharging passengers.

Plaintiff abandoned the charge of failure to warn, and the cause was submitted on the other charges of negligence. The issue of contributory negligence was submitted by an instruction at the request of defendant. The defendant had a verdict, judgment accordingly, and plaintiff appealed.

Plaintiff challenges three instructions given at the request of defendant. The first instruction follows:

"The charge made by plaintiff against defendant is one of negligence which cannot be presumed. In other words, recovery may be had on a charge of negligence only when such charge is sustained by the preponderance, that is, the greater weight of credible evidence, and it does not devolve upon defendant to disprove the charge. On the contrary, the law casts the burden of proof with respect to it upon plaintiff. If, therefore, you find the evidence to be evenly balanced after fairly considering it, your verdict should be for the defendant."

Plaintiff contends the instruction is erroneous for reasons as follows: (1) It directs the jury that plaintiff cannot recover unless he proves all the charges of negligence alleged in the petition. (2) It refers the jury to the pleadings to determine the charges of negligence. (3) It requires plaintiff to prove he was not guilty of contributory negligence.

The instruction simply informs the jury that the action is a negligence case and that in such cases the burden is on plaintiff who makes the charge of negligence to prove it by "the greater weight of the credible evidence." The charges of negligence alleged in the petition are in no way mentioned and the jury could not have understood that plaintiff was thereby required to prove all the charges before he could recover. As stated, it does not deal with the charges of negligence, and therefore did not refer the jury to the pleadings. The court in other instructions dealt with those charges. And the instruction deals only with plaintiff's right of recovery without reference to the issue of contributory negligence. If requested by plaintiff the court would have given an instruction directing the jury that defendant had the burden of proving contributory negligence. The contentions are overruled.

The second instruction follows:

"The court instructs the jury that plaintiff is not entitled to recover on his allegation of negligence 'that defendant negligently failed to give warning of the approach of said motorbus before it struck plaintiff as aforesaid;' and such allegation of negligence is hereby withdrawn from your consideration."

Plaintiff abandoned this charge of negligence. It was not alleged as an element of the humanitarian doctrine or as an element of failure to stop at the rear of the car while receiving and discharging passengers. But plaintiff contends it was an element in passing on the question of contributory negligence. Even so, the withdrawal of the charge as a ground of recovery did not prevent its consideration by the jury on the issue of contributory negligence. The court properly withdrew the charge, and the contention is overruled.

The third instruction follows:

"The court instructs the jury that if you find and believe from the evidence that plaintiff was injured at the time and place mentioned in evidence, and if you further find and believe that at such time and place plaintiff was not exercising ordinary care for his own safety, that is, such care as an ordinarily prudent and cautious person would have exercised under like or similar circumstances and that he negligently and carelessly walked or stepped immediately in front of, or in the path of the motorbus mentioned in the evidence, while said motorbus was in motion, if it was in motion, or if you find and believe that plaintiff negligently and carelessly walked or stepped in such close and dangerous proximity to the motorbus mentioned in the evidence, while said motorbus was in motion, if it was in motion, as to be struck and injured thereby, when he knew and saw that said motorbus was in motion and approaching, if it was, or by the exercise of ordinary care, as herein defined, he could have known and seen that said motorbus was in motion and approaching, if it was, in time to have refrained from walking or stepping in front thereof, or in the path thereof, if he did so walk or step in front thereof, or in the path thereof, or in time to have refrained from walking or stepping in such close and dangerous proximity thereto as to be struck and injured thereby, if he did so walk or step in such close and dangerous proximity thereto, and that he failed to so refrain and was thereby negligent, then your verdict cannot be for plaintiff but must be for defendant, unless you find for plaintiff under Instruction No. 1."

Instruction No. 1 submits the issue under the humanitarian rule.

After subjecting this instruction to a major operation, we have the following: "If you find that plaintiff negligently walked im-

mediately in front of or in the path of or in such close proximity to the bus while it was in motion when he knew and saw it was in motion and approaching, or, by the exercise of ordinary care could have known and seen it was in motion and approaching in time to have refrained from walking in front of or in the path thereof, or in such close proximity thereto as to be struck and injured thereby, and that he failed to so refrain and was thereby negligent, then your verdict must be for defendant.''

Plaintiff contends there was no evidence tending to show he stepped immediately in front of the moving bus and that the instruction denied to him the presumption that defendant would stop the bus not less than five feet from the rear of the street car while it was receiving and discharging passengers.

The word ''immediately'' as used in the instruction means that plaintiff walked in front of the moving bus without previous indication to the driver that he intended to do so.

Plaintiff testified that he walked to the rear platform and upon the step, at which time he saw defendant's motorbus traveling eastwardly a distance of 30 or 40 feet west of the street car, which was then standing. He stepped from the car step to the street without again looking toward the approaching bus. He then walked straight toward the curb fifteen feet from the step of the car.

This evidence tends to show that plaintiff would most likely walk immediately in front of the bus if it continued moving; but there was no evidence tending to show that plaintiff would stop or in some other way avoid the approaching bus. The driver of the bus did not testify. The conductor testified that he neither saw the collision nor plaintiff walk from the car toward the curbing. Other witnesses did not see the collision or plaintiff walk from the car toward the curbing. Therefore, there was no evidence tending to show that plaintiff walked immediately in front of the moving bus.

Moreover, the statute regulating the driving of a bus under the circumstances follows:

''An operator or driver of a motor vehicle shall stop same not less than five feet from the rear of any street car going in the same direction which has stopped for the purpose of taking on or discharging passengers, and shall remain standing until such car has taken on or discharged such passengers; provided, however, said driver or operator may pass such street car where a safety zone is established by the proper authorities, or where said operator or driver may pass such car at a distance of at least eight feet clearance therefrom; and provided further, that he shall slow down and proceed cautiously.'' [Laws 1921, 1st Ex. Sess., sec. 21, p. 95.]

Plaintiff charged defendant with a violation of this statute. At his request the court instructed the jury that if defendant's failure

to stop the bus was a violation of the statute and such failure was the direct cause of plaintiff's injury, they should find for plaintiff.

Now the jury may have believed there was no safety zone or clearance of eight feet. If so, they were confronted with the instruction of the defendant under consideration, which instruction ignores the right of plaintiff to presume the bus would be stopped five feet west of the car.

Viewed from all angles, the instruction is confusing and well calculated to mislead the jury.

For the errors noted, the judgment should be reversed and the cause remanded. It is so ordered. All concur.