VICTOR H. BLOCH, Appellant, v. W. KINDER.—93 S. W. (2d) 932.

Division One, April 23, 1936.

1100

S. P. McChesney and Erwin F. Vetter for appellant.

*Green, Henry & Remmers* for respondent.

1102

FRANK, J.—Action to recover damages for alleged personal injuries. The judgment below was for defendant and plaintiff appealed.

Plaintiff's alleged injuries were caused by a collision between two automobiles at a street intersection in the city of St. Louis. One automobile was driven by plaintiff, the other by defendant. No contention is made that plaintiff did not make a case for the jury. None of the questions raised involve a consideration of the evidence. In this situation, a review of the evidence is not necessary.

Plaintiff first contends that there is no substantial evidence to support the verdict in favor of defendant.

The argument made in support of this contention is that plaintiff's evidence, substantiated by photographs and physical facts, tends to show that defendant was guilty of gross negligence, and that defendant's evidence was so conflicting and opposed to the physical facts as not to amount to substantial evidence, and, therefore cannot be the basis for a verdict and judgment. From these premises it is argued that the verdict is against the weight of the evidence and is the result of passion and prejudice on the part of the jury.

The fault in plaintiff's argument is that in a case of this character, a verdict for defendant need not be supported by affirmative, substantial evidence tending to show that defendant was not guilty of negligence, because the burden was not on defendant to acquit himself of the charge of negligence. The burden was on plaintiff to show, prima facie, that defendant was guilty of the negligence charged. The absence of such a showing by plaintiff would authorize a verdict for defendant. Moreover, if, as plaintiff contends, his evidence tended to show that defendant was guilty of the negligence charged, the credibility of such evidence and the weight and value

which should be given to it was a question for the jury. Since the verdict was in favor of defendant, and received the approval of the trial court, we cannot set it aside as being against the weight of the evidence, because an appellate court is not authorized to pass upon the weight of the evidence. [Biondi v. Central Coal & Coke Co., 320 Mo. 1130, 9 S. W. (2d) 596, 598.] Plaintiff also contends that the verdict is the result of passion and prejudice, but he points to no fact or circumstance tending to support such contention. In fact the claim is that the verdict is the result of passion and prejudice because it is against the weight of the evidence. This contention must fail because we are not authorized to pass upon the weight of the evidence.

It is next contended that the court erred in permitting defendant to testify to conversations which he had with a third person at the scene of the collision.

One Miner, testifying for plaintiff, said when he reached the intersection where the collision occurred, he tried to get defendant's name but defendant would not give it to him; that he then took the key out of defendant's car. On cross-examination he testified that he took the keys out of defendant's car because he thought he might get away.

The evidence of defendant about which complaint is made is as follows:

"Q. State what conversation you had with Miner. A. Well, when I asked for the key, Mr. Miner says, 'I got it.'

"Q. Go ahead. A. I says to him, 'What business have you got with my keys?' He says, 'Well, I took the key out of your car so you wouldn't run away,' and I told him if I wanted to get away I could have been gone long ago."

Plaintiff argues that after defendant's counsel had completed his cross-examination about the car keys, which was a purely collateral issue, he had no authority to present further evidence by way of impeachment.

There is no merit in this contention for two reasons. In the first place defendant's testimony as to the conversation between him and plaintiff's witness, Miner, relative to the car keys was not impeaching evidence. It tended to corroborate rather than impeach plaintiff's witness. In the second place, since plaintiff first introduced the subject, he is not in a position to complain because defendant testified on the same subject. Besides, this evidence, if prejudicial, would tend to harm the defendant rather than the plaintiff, by causing some juror to believe that defendant was attempting to leave the scene of the accident in violation of Section 7783, Revised Statutes 1929.

■ It is next contended that the court erred in giving defendant's Instruction No. 6.

The first complaint against this instruction is that it assumes that plaintiff, by the exercise of the highest degree of care for his own safety, could have avoided the collision by stopping, slackening the speed of, turning or swerving his automobile. The instruction reads as follows:

"The Court instructs the jury that the law requires that the plaintiff should exercise the highest degree of care while operating an automobile on the public streets of the City of St. Louis, that is, such care as a careful and prudent person would exercise under the same or similar circumstances; therefore, if you find and believe from all the evidence in this case that the plaintiff failed to exercise the highest degree of care for his own safety, if you do so find, while operating an automobile upon a public street, in that plaintiff negligently and carelessly failed to stop, slacken the speed of, turn or swerve said automobile so as to avoid colliding with defendant's automobile, *although plaintiff, by the exercise of the highest degree of care for his own safety, could have done so;* and if you further find that such failure to exercise the highest degree of care for his own safety, if you do so find, contributed to cause his injuries, if any he may have received on the occasion mentioned in the evidence, then you should find that he is guilty of contributory negligence, he cannot recover herein, and your verdict must be for the defendant."

It is claimed that the italicized portion of the instruction assumes that plaintiff, by the exercise of the highest degree of care, could have avoided the collision.

While the instruction could and should have been written so as to obviate the criticism leveled against it, yet, it does not assume that plaintiff by the exercise of the highest degree of care could have avoided the collision, but on the contrary requires the jury to so find. Boiled down for the purpose of easier analysis, the instruction requires the jury to find that plaintiff failed to avoid the collision, although he could have done so by the exercise of the highest degree of care for his own safety.

It will be noted that the part of the instruction criticized starts out with these words, "therefore if you find and believe from all the evidence in this case." Find what? Necessarily the two things hypothesized in the instruction immediately following the words above quoted, (1) that plaintiff negligently failed to stop, slacken the speed of, turn or swerve said automobile, so as to avoid the collision, and (2) although by the exercise of the highest degree of care for his own safety he could have done so. The instruction, fairly interpreted, requires the jury to find that plaintiff, by exercising the

highest degree of care for his own safety, could have avoided the collision. Similar instructions have been held not to assume facts [Reith v. Tober, 8 S. W. (2d) 607, 608-9, 320 Mo. 725; Rummels v. Illinois Central Ry. Co., 15 S. W. (2d) 363, 367; Lewis v. Illinois Central Railroad Co., 50 S. W. (2d) 122.]

The next complaint against this instruction is that there was no proof upon which to base the failure to stop, nor was there a causal connection shown between the injury and failure to stop.

Hamilton Boulevard runs north and south, and Ridge Avenue east and west. Plaintiff was traveling north on Hamilton Boulevard, and defendant was traveling west on Ridge Avenue. Defendant testified that as he approached Hamilton Boulevard he made a complete stop before entering the intersection; that he then saw plaintiff approaching on Hamilton Boulevard one hundred feet from the intersection; that he then started up at a speed of ten miles per hour for the purpose of crossing the intersection. Plaintiff testified that he was driving at a speed of twenty-five miles per hour and could have stopped his car within ten or twelve feet. This evidence authorized the submission of the question of plaintiff's failure to avoid the collision by stopping his car.

The final contention is that defendant's Instruction No. 7 erroneously placed the burden upon plaintiff to prove all of the assignments of negligence submitted to the jury before he could recover. The instruction reads as follows:

"The charge laid by plaintiff against defendant is one of negligence. Negligence is a positive wrong, and therefore in this case is not presumed, and it does not devolve upon the defendant to disprove the charge, for the law casts the burden of proving negligence upon the plaintiff. Therefore, before plaintiff can recover under such charge of negligence, the charge must be sustained by the preponderance, that is, the greater weight of the credible evidence to the reasonable satisfaction of the jury."

Plaintiff cites four cases in support of this contention. The first three cases cited do not deal with the question at all. The fourth, Linders v. People's Motor Bus Company, 326 Mo. 695, 32 S. W. (2d) 580, decides the question exactly contrary to plaintiff's contention. In the Linders case, an instruction similar to the one criticized in this case was given. It was contended in that case that the instruction required the plaintiff to prove all the charges of negligence alleged in the petition before he could recover. In disposing of that contention, we there said:

"The instruction simply informs the jury that the action is a negligence case and that in such cases the burden is on plaintiff who makes the charge of negligence to prove it by 'the greater weight of the credible evidence.' The charges of negligence alleged in the

petition, are in no way mentioned and the jury could not have understood that plaintiff was thereby required to prove all the charges before he could recover."

The instruction considered in the Linders case is almost an exact counterpart of the instruction in the instant case. On the authority of the Linders case, we decide this contention against plaintiff.

The judgment below should be affirmed. It is so ordered. All concur.