MAY FLINT v. LOEW'S ST. LOUIS REALTY & AMUSEMENT CORPORATION, a Corporation, Appellant.—126 S. W. (2d) 193.

Division Two, March 15, 1939.

*George A. Hodgman* and *Robert S. Lindsey* for appellant.

*B. Sherman Landau* for respondent.

BOHLING, C.—Loew's St. Louis Realty and Amusement Company, a corporation, appeals from an order granting May Flint a new trial for asserted error in the giving of Instructions Nos. "8" and "9" on behalf of appellant. Respondent asked $15,000 damages for injuries sustained when respondent's foot allegedly was caught in loose, torn, worn and insecure carpeting while descending a flight of stairs on appellant's premises. The case reaches the writer upon reassignment.

I. Invoking that portion of our Rule 15 calling for "a fair and concise statement of the facts of the case without reiteration, statements of law, or argument" (consult Sec. 1060, R. S. 1929, Mo. Stat. Ann., p. 1341), respondent has filed a motion to dismiss alleging in substance that appellant's statement presents a biased and distorted version of the record, is interspersed with comments of an argumentative nature, and quotes and emphasizes testimony favorable to appellant. We have said the above portion of said rule requires such a fair and concise statement of the ultimate facts, rather than a statement of the testimony tending to establish such facts, admitted in evidence on behalf of both plaintiff and defendant, except when plaintiff is cast on demurrer to the evidence, as are necessary to an understanding and determination of the errors assigned on appeal. [Sims v. Hydraulic Press Brick Co., 323 Mo. 447, 448, 19 S. W. (2d) 294, 295.] Appellant's Instruction No. 8 was on the burden of proof and Instruction No. 9 was on the weight and value of the evidence and the credibility of the witnesses. To discharge that burden resting upon appellant here [Simmons v. Kansas City Jockey Club, 334 Mo. 99, 104(1), 66 S. W. (2d) 119, 120(1); Yuronis v. Wells, 322 Mo. 1039, 1048(III), 17 S. W. (2d) 518, 523(6)] a lengthy statement of the facts was not essential to a determination of the propriety of the instructions involved. Appellant, in support of said instructions, after stating ultimate facts favorable to respondent, mentioned other testimony inconsistent therewith and, in some instances, quoted and placed emphasis upon particular evidence. Respondent also directs our attention to two rather brief sentences wherein comments of an argumentative nature with reference to certain testimony appear. While appellant's statement does not strictly conform to our rules with respect to conciseness and argument, a comparison of it with the abstract of the record convinces us it is not so pernicious as to necessarily convey a false, distorted, or imperfect impression as to the facts bearing upon said instructions, but discloses, perhaps somewhat pointedly, that appellant was entitled to proper instructions thereon. The administration of the rules of this court with reason do not call for that drastic action which deprives a litigant of a review for infractions, attributable to an advocate's pardonable devotion to his client's cause, which present, with respect to those issues on which the litigant has the burden of disclosing error, no real difficulty to opposing counsel or this court and are of no real consequence in the determination of the issues presented. [Harbison v. Chicago, R. I. & P. Ry. Co., 327 Mo. 440, 448, 449, 37 S. W. (2d) 609, 612(1-3); Crockett v. Kansas City Rys. Co. (Mo.), 243 S. W. 902, 905(2).] We overrule respondent's motion.

II. Instruction No. 8, in so far as material to the issues involved, was to the effect "that negligence must be proved and that the burden

of proof of that issue is upon the plaintiff; you cannot presume that the defendant was negligent, nor can you guess, surmise or speculate;'' that the duty rested upon plaintiff to prove defendant's negligence and the causal connection between such negligence and plaintiff's injury to the reasonable satisfaction of the jury; that ''neither passion, prejudice or sympathy'' should influence the jury's decision; that ''if you find and believe upon the issue of negligence that the testimony with respect to its weight and credibility is evenly balanced,'' or if the jury be unable to determine whether defendant was negligent, then ''plaintiff has not sustained the burden of proof on the issue of negligence as she is required by the law to do'' and the verdict should be for the defendant.

a. Individual clauses of this instruction are separated from their context and subjected to criticism which is not warranted upon a reading of the instruction as a whole. It is asserted the clause ''that negligence must be proved and that the burden of proof of that issue is upon the plaintiff'' placed the burden of disproving contributory negligence upon the plaintiff; and that the error was emphasized by the clauses ''you cannot presume that the defendant was negligent . . .'' and to the effect that if the jury believed the weight and credibility of the testimony ''upon the issue of negligence'' to be ''evenly balanced,'' the verdict should be for defendant. The instructions in the cases stressed by respondent differ materially from the instant instruction; i. e., Szuch v. Ni Sun Lines, Inc., 332 Mo. 469, 475(4), 58 S. W. (2d) 471, 473(5), discussed ''that the burden of proof is on the plaintiff to establish . . . the facts necessary to a verdict in his favor *under these instructions*'' (emphasis ours), where plaintiff's main instruction conditioned a verdict upon plaintiff's exercise of ordinary care; and Clark v. Atchison & E. Br. Co., 324 Mo. 544, 564, 24 S. W. (2d) 143, 153(16), presented a differently worded instruction. An instruction containing a clause telling the jury that ''on the contrary, the law casts the burden of proof with respect to it [the charge of negligence] upon plaintiff'' was upheld against like attack in Linders v. People's M. Co., 326 Mo. 695, 699, 32 S. W. (2d) 580, 581 (stating: ''. . . the instruction deals only with plaintiff's right of recovery, without reference to the issue of contributory negligence''). Bliel y. Kansas City (Mo.), 70 S. W. (2d) 913, 914(2) (ruled by the judges ruling the Szuch case) approved an instruction advising the jury ''that the burden of proof is upon plaintiff to prove his case . . .'' and ''if you believe . . . that the evidence is evenly balanced . . . your verdict must be for defendant . . .;'' and reasoned that an intelligent jury would understand ''plaintiff's case did not include defendant's defense'' of contributory negligence, and that the matter was one of nondirection rather than misdirection. Instruction No. 8, although somewhat inaptly worded, refers, when read as a whole, to appellant's negli-

gence and makes no reference to or upon whom may rest any burden to disprove contributory negligence. It does not misdirect the jury by informing it the burden of disproving contributory negligence was on respondent; and respondent, not having requested an instruction on the burden of proving contributory negligence, is in no position to complain of nondirection. [See, among others, the Bliel and Linders cases, supra; Morgan v. Mulhall, 214 Mo. 451, 462-(b), 114 S. W. 4, 7(b)—reasoning: ''He who does not speak when he should, will not be heard to speak when he would;'' Norris v. St. Louis, I. M. & S. Ry. Co., 239 Mo. 695, 771, 144 S. W. 783, 789.]

b. Respondent also says the instruction was a lecture to the jury on its duty to defendant and not as to all the case.

On the issue of the burden of proof, which respondent here stresses and the cases respondent relies upon discuss, a like instruction was approved in Doherty v. St. Louis Butter Co., 339 Mo. 996, 1003(2), 98 S. W. (2d) 742, 744(3). As to other statements in the instruction not constituting reversible error see Gardner v. Turk, 343 Mo. 899, 123 S. W. (2d) 158, paragraphs I and III, of even date herewith, and cases there cited.

The duty resting upon attorneys to aid the court in giving such proper instructions as are needed for the jury to arrive at a correct verdict embraces the preparation and presentation of instructions covering all proper issues affecting their client's cause of action or defense but, with respect to the issue upon whom the burden of proof rests, does not embrace the preparation of instructions defeating a verdict for their client or directing a verdict for their adversary.

Recently we have written much on burden of proof instructions, indicating a preference for a short, simple instruction thereon. See Nelson v. Evans, 338 Mo. 991, 996(2), 997(3), 93 S. W. (2d) 691, 694(4), 695(5); Mitchell v. Dyer (Mo.), 57 S. W. (2d) 1082, 1083—cases discussing somewhat similar instructions and relied upon by respondent. The Mitchell case criticised the instruction there reviewed, indicating a preference for a short simple instruction, but did not hold the fault reversible error. A defendant's instruction on the burden of proof is held erroneous because it places too great a burden upon the plaintiff and not because of its length. For instance, the instruction in the Nelson case required the jury to determine that defendant was guilty of a positive wrong. In elaborating upon a similar instruction, Blunk v. Snider 342 Mo. 26, 111 S. W. (2d) 163, 165(7, 8), made manifest that such instructions are erroneous because based upon the false premise that ''negligence is a positive wrong''—''a wrongful act, wilfully committed;'' whereas, a failure to exercise due care—such as a mere act of inattention or inadvertence, unaccompanied by any wrongful intent—possesses potentialities sufficient to constitute negligence.

There was much testimony of record and facts and circumstances

in this case (referred to, in part, hereinafter) authorizing a·defendant's instruction on the burden of proof. The instant instruction omits the features held reversible error in the cases relied upon by respondent (see the Nelson case, supra, and cases there cited) as well as others (consult Koebel v. Tieman C. & M. Co., 337 Mo. 561, 568(3), 85 S. W. (2d)· 519, 523(2), discussing the phrase "the truth as to the charge of negligence against defendant remains in doubt in your mind"). We have ruled hereinabove that the only alleged misstatement of law in the instruction was not error upon considering the instruction as an entirety. Respondent cites no case, and our search has revealed none, holding similar instructions reversible error. The order for new trial does not state the reasons upon which the instruction was considered erroneous. Assignments of error in respondent's motion for new trial because the verdict was against the weight of the evidence and for the giving of other cautionary instructions on behalf of appellant were not sustained. These factors support the conclusion the trial court did not rule the instruction erroneous for the reason under discussion; for, if so, the other cautionary instructions on behalf of appellant would augment the alleged lecture to the jury on its duty to appellant and they too would have been, but were not, considered erroneous. We have all due inclination to defer to a trial court's discretionary ruling but, from this record, it appears the court was not exercising a discretionary function. If not, there is ample authority for sustaining the instruction; and if at any time such instructions are to be upheld against like attack, the instant record affords, considering the evidence from appellant's viewpoint for a justification of the instruction, an instance· wherein the instruction should be sustained.

III. Appellant's Instruction No. 9 was on the credibility of witnesses and, so far as material, after informing the jury "it is your duty to weigh the evidence and to give it such weight and value as you find and believe it to have," stated, with respect to the witnesses, "among other things you may consider . . . his or her demeanor on the stand, . . . and, if you find and believe that a witness has testified falsely as to any material fact you are at liberty to disregard such of the evidence given by such witness which you find and believe to be false . . ."

a. Relying upon Jacobs v. Danciger, 328 Mo. 458, 471, 41 S. W. (2d) 389, 393(15), 77 A. L. R. 1237, 1245, the omission of the qualifying word "wilfully" or "intentionally" in connection with the word "testified" in the last clause of the·quoted portion of the instruction is asserted to be error. The Jacobs case involved an instruction based on the maxim "*falsus in uno, falsus in omnibus,*" and held a finding that a·witness has "wilfully" or "intentionally" sworn falsely to a material fact is essential to the rejection of the

whole of such witness' testimony. Appellant's instruction was not based upon the maxim. Its scope was limited to informing the jury it was at liberty to disregard that testimony it found and believed to be false. The jury is privileged to and of necessity must, in all instances wherein there is conflicting testimony on essential fact issues, believe or reject the whole or none or part of such testimony of a given witness as it finds and believes the same to be true or false when considered in the light of all the testimony and facts and circumstances in the case. [See Rockenstein v. Rogers, 326 Mo. 468, 481, 31 S. W. (2d) 792, 798 (2); Dempsey v. Horton, 337 Mo. 379, 384, 84 S. W. (2d) 621, 623 (4).] The Jacobs case does not rule the instant issue; and we are not willing to hold the obvious and self-evident proposition stated in the questioned portion of the instruction' error.

b. Complaint is also made that the words "his or her demeanor on the stand" limited the application of the instruction to witnesses testifying in court and as appellant adduced material testimony of a witness by deposition, the instruction was erroneous. In a case wherein plaintiff did not appear but his deposition was read in evidence and conflicted with the testimony of other witnesses on material matters, an instruction which told the jury they were the sole judges of the credibility of the several witnesses who "had appeared before them" was criticised in Hansberger v. Sedalia El. Ry. L. & P. Co., 82 Mo. App. 566, 576, because the jury might conclude that plaintiff's credibility was not open to question. Such matter appears to be one of nondirection rather than misdirection. The instruction in the Hansberger case differed materially on the issue presented from the instant instruction in that the instant instruction was not limited in its scope to witnesses who "appeared" but embraced all "evidence." The questioned portion of the instruction embodied a common sense proposition about which jurors need no instruction; and we think jurors would readily understand from the instruction, for the purposes of this issue, they were authorized to take into consideration in so far as possible all matters mentioned in the instruction, whether the witness appeared in person or by deposition, but had not been afforded an opportunity of passing upon the demeanor on the stand of witnesses whose testimony was adduced only by deposition.

Respondent, as she is privilged to do, asserts error in the admission of certain evidence and the giving of each and every instruction on behalf of appellant. Briefly of the matters not hereinbefore ruled:

IV. Respondent gave a narrative, in writing over her signature, of the occurrence on the day it happened. It stated, among other things: " . . . I . . . do not know what caused me to fall. . . . I did not catch my foot on anything and the steps were free from any foreign substance or obstruction that could have caused

me to slip, trip or stumble. . . . I could see clearly where I was going. . . . and so far as I know the steps are not dangerous or defective in any way." As a witness, respondent's testimony, in part, was to the effect that she caught her foot in· a fragment of the carpet on the step and fell; that it was a rip or tear in the carpet; that the toe of her foot penetrated the fabric of the carpet; that, before she fell, she noticed the carpet was worn at the place she caught her foot; that she had not noticed it before she stepped onto it; that she noticed it when she put her foot on· it; that she didn't see it, but felt her toe penetrate the carpet.

We do not agree with respondent's complaint against admitting the narrative in evidence. It contained statements against interest and tended to impeach respondent as a witness. The clause ''so far as I know the steps are not dangerous . . .'' tended to impeach respondent and we need not discuss whether it purported to cover the extent of respondent's knowledge of any ."dangerous or defective" condition of the steps as of the time of the narrative. ·

V. On behalf of respondent the court defined the term "ordinary care" and told the jury: "The omission of such care is negligence as that term is used in these instructions." Appellant's Instruction No. 5 was to the effect that if the jury found that respondent "failed to use ordinary care for her own safety" in certain particulars, "if you so find," then "such failure . . ., if any, would be negligence on her part" did not, as contended by respondent in attacking said instruction, assume respondent was negligent, but, as stated by respondent in her attack against appellant's Instruction No. 6, submitted to the jury the determination of respondent's negligence; i. e., required a finding of the fact hypothesized and a finding of respondent's "failure to use ordinary case" in connection therewith as a condition to a finding that respondent was negligent. The evidence, including respondent's contradictory statements, supported a submission to the jury of the factual issues covered by the instruction.

VI. Respondent separates the introductory clause of Instruction No. 6 reading: "The court instructs the jury that the only charge of negligence which you will consider in arriving at your verdict is whether or not the carpet . . . was in fact torn . . .," from its context and connecting it with Instruction No. 5, which hypothesized certain facts constituting contributory negligence if found, says Instruction No. 6 inferred the. contributory negligence of respondent by telling the jury they need not consider that issue. If, as respondent suggests, the clause is to be read in connection with Instruction No. 5 and negligence in connection with the fact of a torn carpet is, but any issue of contributory negligence is not, to be

considered, a jury would more readily reason (Instruction No. 5 making no mention of a torn carpet) that no obligation rested upon respondent to remedy any tear in defendant's carpet and that said clause was an admission contributory negligence had not been established by any substantial evidence. Reading Instruction No. 6 as a whole precludes the construction placed upon it by respondent, because: It made no reference to contributory negligence or any duty or exercise of care on the part of respondent. It carried an "and also" clause. It recognized that a duty rested upon appellant not to permit its carpet to become unsafe by wear or tear for use by its patrons and to remedy the worn or torn condition, if any, if appellant knew, or could have known, thereof in time to have remedied the same before respondent fell; and, assuming the existence of wear or tear, conditioned liability upon a finding that appellant knew, or in the exercise of ordinary care could have known, thereof in time to have remedied the same before respondent fell.

Respondent's other complaints are without merit. Her authorities, insofar as her contentions are supported by applicable authority, do not hold the assigned error, if error, to be reversible error. Instructions Nos. 7 and 10, not hereinbefore discussed, were of a cautionary nature and, as is to be expected, more or less abstract in their statements of rules of law. The trial court exercised a discretion in giving the instructions and the record does not justify interference on our part.

The order granting a new trial is set aside and the cause is remanded with directions to reinstate the verdict of the jury and enter judgment thereon. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.

## ON MOTION FOR REHEARING.

PER CURIAM:—Respondent's point in her motion for rehearing asserting there was no evidence warranting the submission of contributory negligence based on alleged lack of due care in "not watching her step" or "failing to watch where she was going" (appellant's Instruction No. 5) appears not to have been specifically developed in the opinion, although ruled. Consult, Opinion, Pars. IV and V. Respondent was descending a stairway. Appellant adduced testimony respondent was "looking straight ahead." Respondent's signed statement read, in part: "The steps at this point are well lighted and I could see clearly where I was going"; and, while respondent's testimony was contradictory, she did testify, in part: "I noticed the carpet was worn"; that she had not noticed that particular spot or that it was worn before she stepped down

on it; "No, I didn't see it, but I felt the toe of my foot penetrate the carpet"; that she had not noticed this worn spot before she put her foot on the step; "No, I didn't see it." This testimony, viewed from appellant's standpoint, justified submitting said factual issues.

Respondent's motion for rehearing directs our attention to alleged errors in an instruction stated, in the motion, not to have been assigned upon original submission. If so, they may not be first presented in a motion for rehearing.

The motion is overruled.