239 S.W.2d 498 (1951)
THOMPSON
v.
BYERS TRANSP. CO., Inc.
No. 41864.
Supreme Court of Missouri, Division No. 2.
May 14, 1951.
Bernard Steinger and Joseph D. Feigenbaum, St. Louis, for appellant.
Thomas J. Cole, John J. Cole, St. Louis, for respondent.
BOHLING, Commissioner.
Clifford Thompson sued Byers Transportation Company, Inc., a corporation, for $175,000 damages for personal injuries sustained in an automobile accident. The jury returned a verdict for defendant, and plaintiff *499 appealed from the judgment entered thereon. Plaintiff's main assignment alleges error in the giving of defendant's burden of proof instruction. Defendant denies error, and also contends plaintiff was guilty of contributory negligence as a matter of law, barring recovery.
Plaintiff was a long-distance driver for the Wilson Truck Company, having had eighteen years' experience, seven and a half years with his employer. His regular run was between St. Louis and Kansas City, Missouri, over U. S. highway No. 40. He had made the trip many times and was thoroughly familiar with the road.
The accident happened in the "Mineola flats" at 9:30 p. m., July 13, 1948. There was a fog in the Mineola flats at the time. The pavement was wet and damp.
West-bound traffic proceeds down the Mineola hill, described as a "winding hill," and "an awful steep hill," then passes over Loutre creek on a steel bridge near the base of the hill, and then about 1,000 feet west and 500 feet farther west are concrete bridges, each approximately 111 feet long, over sloughs of Loutre creek. The accident happened at the middle bridge, the east concrete bridge, according to plaintiff.
Defendant's tractor-trailer was operated by defendant's employee Arnold L. Dart. He approached the bridge where the accident occurred at a speed of about 40 miles an hour and, noticing two east-bound trucks (Midwest Transfer Company) approaching so as to meet him on the bridge, he "blinked" his headlights and then slowed down to let them clear the bridge before he pulled onto it.
Clarence L. Farmer, the operator of the leading Midwest Transfer Company's east-bound truck, interpreted Dart's signal for a stop signal, that Dart was having trouble, and he started slowing down and managed to stop about three or four feet to the east of defendant's trailer. The rear of defendant's trailer was 50 to 55 feet east of the bridge. Farmer testified that defendant's tractor-trailer and the fog obstructed his view to the east; that the fog was "pretty bad," it was a "heavy fog" in the low places, and interfered with driving "down by the bridge," which was the only place the fog was heavy; that if you walked away from the trucks you could not see them; that at times the fog would "go away" and you could see "pretty clear" and a couple of minutes later you could not; that defendant's tractor-trailer was stopped on the highway; that he saw plaintiff approaching for a couple of seconds before the collision; that plaintiff had his headlights on; that he realized plaintiff would collide with the rear of defendant's trailer and he looked and there were no lights burning on the rear of defendant's trailer.
Plaintiff was taking a tractor and loaded trailer from St. Louis to Kansas City. He had been traveling 35 to 40 miles an hour as he approached the Mineola hill. He testified that when about half way across the flat he ran into a fog and slowed down to between 20 and 25 miles an hour. At this speed he could stop in "around 50 feet." He had good brakes, needed good brakes to come down the winding Mineola hill. He traveled "probably a thousand feet" in the fog. He had the headlights on "dim" to shine on the pavement. His truck was not equipped with fog lights. He did not see defendant's tractor and trailer, nor its headlights ahead of him in the Mineola flats.
Plaintiff testified that he first saw defendant's trailer when he was within five to ten feet of it; that it was stopped on the pavement, and without any lights burning on the trailer; that he could not pull out on the shoulder with his loaded trailer, as he would have gone over the fill into a fifteen foot drop, and the east-bound Midwest Transit Company's trucks had the other half of the pavement blocked, the easternmost of said trucks being opposite plaintiff's cab as he hit the rear of the Byers' trailer. Plaintiff was estimating the stated distances, etc.
There was evidence that if the trailer lights had been burning they could have been seen for 100 feet and also for 200 feet.
The burden of establishing plaintiff's contributory negligence falls upon the defendant unless it be established as a matter of law by plaintiff's evidence. With defendant carrying the burden of proof, plaintiff's contributory negligence most frequently *500 is a fact issue for the jury for the credibility of the witnesses is involved, especially where there is a conflict in the testimony, the same as is defendant's actionable negligence ordinarily a fact issue. Consequently, plaintiff's contributory negligence is for the jury unless reasonable minds can draw only the conclusion that plaintiff was negligent. The whole evidence and all legitimate inferences deducible therefrom are viewed in the light most favorable to plaintiff and taken as true while the evidence and inferences favorable to defendant are disregarded in ruling the issue of contributory negligence as a matter of law. Rose v. Missouri Dist. Tel. Co., 328 Mo. 1009, 43 S.W.2d 562, 568[12], 81 A.L.R. 400; Cento v. Security Bldg. Co., Mo.Sup., 99 S.W.2d 1, 6[7, 8]; Howard v. S. C. Sacks, Inc., Mo.App., 76 S.W.2d 460, 465[6-8]; Hale v. Kansas City, 239 Mo. App. 12, 187 S.W.2d 31, 39[3, 4].
In the foregoing circumstances plaintiff's contributory negligence was not established as a matter of law. He was not aware of the presence of defendant's trailer blocking the highway at a place where he had a right to assume the way was clear and he could proceed with safety on his side of the pavement. The situation is distinguishable from defendant's cases wherein automobilists have crashed into a railroad train or cars blocking a highway-railroad grade intersection where they do not have the right to assume the way is clear and are required to anticipate the possible presence of cars blocking the crossing and to act accordingly. Fitzpatrick v. Kansas City So. Ry. Co., 347 Mo. 57, 146 S.W.2d 560, 567 [7, 8]; State ex rel. Kansas City So. Ry. Co. v. Shain, 340 Mo. 1195, 105 S.W.2d 915, 918[6, 7, 13, 14].
In the instant case plaintiff's vision was affected by the fog; and if the lights on the rear of defendant's trailer had been burning, R.S.1949, §§ 304.450, 304.380, there was evidence, if believed, warranting a finding they could have been seen for 100 to 200 feet. A jury might infer that the headlights of the Midwest Transit Company's truck also affected plaintiff's vision. Farmer saw the headlights on plaintiff's approaching tractor a couple of seconds before the collision, approximately 75 or more feet way at 25 miles an hour. Plaintiff could have stopped within 50 feet. Defendant's tractor-trailer was standing, without lights, on the pavement. Plaintiff was not contributorily negligent as a matter of law on the theory he was traveling at a speed which prevented his stopping within the distance his headlights revealed objects ahead of him in the circumstances of record. Roper v. Greenspoon, 272 Mo. 288, 198 S.W. 1107, 1111[7], L.R.A.1918D, 126; Kendrick v. Kansas City, Mo.Sup., 237 S.W. 1011, 1013 [3]; Smith v. Producers Cold Storage Co., Mo.App., 128 S.W.2d 299, 304[9]; Drakesmith v. Ryan, Mo.App., 57 S.W.2d 727, 729[1]; Pfeiffer v. Schee, Mo.App., 107 S.W.2d 170, 174[9]; Poehler v. Lonsdale, 235 Mo.App. 202, 129 S.W.2d 59, 64[1], and see cases cited in Davis v. F. M. Stamper Co., 347 Mo. 761, 148 S.W.2d 765, 769. The facts differ in defendant's cases of Solomon v. Duncan, 194 Mo.App. 517, 185 S.W. 1141, 1143[2], questioned in Powell v. Schofield, 223 Mo.App. 1041, 15 S.W.2d 876, 879, and Sirounian v. Terminal Rd. Ass'n of St. L., 236 Mo.App. 938, 160 S.W.2d 451, 454[4-6].
From the fact that the tractor plaintiff was operating was demolished, its cab was doubled up and the frame bent down to the pavement, causing his employer to take a torch and cut it up, defendant argues plaintiff's speed was more in keeping with the 45 miles an hour shown by defendant's evidence of his report of the accident than the 20 to 25 miles an hour plaintiff testified to at the trial. One of defendant's witnesses testified that greater damage results from colliding with a standing than with a moving object, and that the "king pin" or "fifth wheel" of a tractor-trailer will shear off, being welded on, if stopped by a too sudden impact. The fifth wheel of the tractor-trailer plaintiff was operating was not sheared off and his trailer did not leave the highway. The conflicting evidence, viewed most favorably to plaintiff, and the physical facts do not establish as a matter of law that plaintiff's speed was 45 miles an hour at the instant of impact or that he was contributorily negligent as a matter of law for proceeding ahead in the fog.
*501 Defendant's burden of proof instruction informed the jury "that the burden of proof in this case rests upon the plaintiff to prove by a preponderance of the credible evidence in this case the facts which you have been told in other instructions are necessary to be found to entitle the plaintiff to recover, and such facts must be found by the jury from the evidence in this case and cannot rest upon guess, speculation or surmise, and unless the plaintiff has so proven the essential facts outlined in the other instructions as necessary to authorize a recovery in this case, then your verdict must be for the defendant. * * *"
Defendant secured an instruction informing the jury that if plaintiff were contributorily negligent on any one of four specified grounds in the operation of his motor vehicle, submitted in the alternative, "then plaintiff cannot recover and your verdict should be for the defendant."
Among the findings of fact required for a plaintiff's verdict in plaintiff's verdict directing instructionone of the "other instructions" in the casewas a finding "that, at and prior to the time of said collision (if there was a collision) plaintiff was exercising the highest degree of care which a very careful and prudent person would exercise under the same circumstances for his own safety." There was no instruction informing the jury upon whom the burden of proving said fact rested.
In like circumstances a defendant's instruction informing the jury that the burden of proof was "on the plaintiff to establish by a preponderance or greater weight of the evidence, the facts necessary to a verdict in his favor under these instructions" was considered to allow the jury to conclude that the burden was on plaintiff to prove he was operating his automobile without any negligence on his part and, hence, prejudicially erroneous. Szuch v. Ni Sun Lines, Inc., 332 Mo. 469, 475[4], 58 S.W.2d 471, 473[5]. See also the instruction held to be misleading in Kenney v. Hoerr, 324 Mo. 368, 375(III), 23 S.W.2d 96, 99[6]. The instant instruction appears to be more open to objection than the instructions under consideration in the cases mentioned. Consult Clark v. Atchison & E. Bridge Co., 324 Mo. 544, 564, 24 S.W.2d 143, 153[16, 17]; Bennett v. National Union Fire Ins. Co., 230 Mo.App. 939, 950, 80 S.W.2d 914, 919[6]; Tappmeyer v. Ryckoff, Mo.App., 45 S.W.2d 890, 891[1].
The instant instruction differs from instrutions involved in cases relied upon by defendant; such as instructions to the effect plaintiff had the burden of proving the facts required to make out his case, Cornwell v. Highway Motor Freight Line, Inc., 348 Mo. 19, 152 S.W.2d 10, 12[1]; Bleil v. Kansas City, Mo.Sup., 70 S.W.2d 913, 914 [2]; Trower v. Missouri-Kansas-Texas Rd. Co., 347 Mo. 900, 149 S.W.2d 792, 798[9]; Nelson v. Wabash Rd. Co., Mo.App., 194 S.W.2d 726, 730[8], following the Cornwell case, supra; Dietz v. Magill, Mo.App., 104 S.W.2d 707, 710[1], or the burden of proving defendant's negligence, Montgomery v. Ross, Mo.Sup., 218 S.W.2d 99, 103[8]; Flint v. Loew's St. Louis R. & A. Corp., 344 Mo. 310, 126 S.W.2d 193, 195[4]; Mendenhall v. Neyer, 347 Mo. 881, 149 S.W.2d 366, 370, 371[5]. Consult the observations in the Cornwell, Flint, and Mendenhall cases.
In the instant case, as stated, the jury were not instructed that the burden of proving plaintiff was contributorily negligent rested upon defendant; and this distinguishes the situation from Adams v. City of St. Joseph, 360 Mo. 806, 230 S.W.2d 862, 864[1], wherein plaintiff secured a full and complete instruction on defendant's charge of plaintiff's contributory negligence, which in plain and unmistakable language also specifically informed the jury plaintiff did not have the burden of disproving contributory negligence but that the burden of proving contributory negligence rested upon defendant.
Under the instant record, the instruction under review placed the burden on plaintiff to establish he was exercising the highest degree of care at the time in question, and was, therefore, misdirection and constituted prejudicial error.
The fact that plaintiff's instructions on the measure of his damages and on the aggravation of an existing physical condition were conditioned upon a finding in favor of the plaintiff under the evidence and *502 "other instructions" did not invite placing the burden on plaintiff to prove that he was exercising the highest degree of care in the operation of his motor vehicle, a fact to be found, but not necessarily to be established by a preponderance of the credible evidence by plaintiff.
The judgment is reversed and the cause is remanded.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All concur.