Lawrence L. BYRD, Respondent,

v.

John J. McGINNIS, sometimes described as Peter McGinnis, Appellant.

No. 45392.

Supreme Court of Missouri,

Division No. 2.

March 11, 1957.

Haysler A. Poague, Clinton, E. E. Thompson, Sam Mandell, Kansas City, for appellant.

Popham, Thompson, Popham, Mandell & Trusty, Kansas City, of counsel.

Kirchner & Vanice, Kaer P. Vanice II, Kansas City, for respondent.

EAGER, Presiding Judge.

This suit is one in a single count for personal injuries, loss of services, and property damage resulting from a collision of two automobiles in Henry County, Missouri. The appeal is from an order sustaining plaintiff's motion for a new trial, after a verdict for the defendant. In the situation as presented, it will not be necessary to go into any considerable detail on the facts. We shall refer to the parties as plaintiff and defendant.

The collision occurred on a curve in a gravel road in a rural area, about 10:00 a. m. on a dry, clear day in September, 1951. There was brush and undergrowth along the sides of the road. Plaintiff was a farmer living in that vicinity and defendant was a rural mail carrier living in Clinton. Plaintiff was driving a half-ton pickup truck, and was proceeding slightly down hill in a generally northwesterly direction toward a point where the road curved rather sharply to his left; his wife was a passenger. Defendant was traveling in the opposite direction in a two-door Ford car, and was approaching plaintiff's truck from around the curve. Much of the evidence is irreconcilable, and we need state only the opposing theories. Plaintiff's evidence was to the general effect that he was driving as far to the right as he could in approaching the curve, that he had seen defendant's car approaching, and that he pulled over on the shoulder and came to a complete stop prior to the collision, with his right wheels about 4 feet out on the shoulder in weeds, lespedeza and gravel, but with his left wheels on the edge of the road proper. Plaintiff testified that there was room there for two cars to pass on the roadway while moving, but that on around the curve there was a place where cars could not pass without scraping the brush along the sides of the road; he said that he stopped as a "cour-

tesy." The parties agreed that the road proper was about 15–16 feet wide at that point, that there was one set of "tracks" worn down into the gravel, and that on the curve these tracks ran along and close to the inside edge. Plaintiff testified that the defendant came along normally in the tracks until he got to a point about 15–20 feet away, and that he then angled over into plaintiff's truck instead of continuing to follow the curving tracks. The left front corners of the respective cars collided, with substantial damage to both. Defendant contended, and testified: that when he was first able to see plaintiff's truck, on the curve, it was coming directly toward him in the tracks which he was in, and on his side of the road, about 15–20 feet away; that plaintiff made an effort to turn out to his right, but was not sufficiently successful; that he, defendant, was only able to touch his brakes lightly and, in effect, that there was neither time nor opportunity for him to turn anywhere. Opposing estimates of the respective speeds prior to the collision varied from 18 to 25 miles per hour.

Plaintiff claimed substantial injuries, the details of which would be superfluous here. He pleaded primary negligence in several particulars, but his case was submitted on conjunctive charges of the failure of defendant to drive as close to the right-hand side of the road as practicable, and the failure to keep a careful lookout. Defendant's answer was essentially a general denial, coupled with a plea that plaintiff's own negligence caused or contributed to the collision. Following the verdict for defendant, returned on October 19, 1955, plaintiff filed his timely motion for new trial asserting various assignments of error; the only one with which we are actually concerned is that which complains of the giving of each and all of the instructions offered by defendant as "confusing, conflicting, roving, contradictory and contrary to law, misdirected the jury * *." On January 19, 1956, the court sustained plaintiff's motion for a new trial "for fail-

ure of Court to instruct jury burden of proof of affirmative defense of contributory negligence rested upon defendant, * *." That was the only ground stated. Since the only instruction requested or given concerning the burden of proof was Instruction "B", requested by defendant, we quote it in full, as follows: "The court instructs the jury that the charge made by the plaintiff against the defendant is one of negligence, claiming that the defendant was negligent as submitted in other instructions herein. Recovery may not be had on a charge of negligence, when made and denied as here, except when such charge is sustained by the preponderance, that is, by the greater weight of all the credible evidence in the case.

"It does not devolve upon the defendant to disprove such charge of negligence, but rather the law casts the burden of proof with reference to such charge that the defendant was negligent upon the plaintiff and this charge of negligence must be sustained by the preponderance, that is, by the greater weight of all the credible evidence in the case.

"If, therefore, you find the evidence touching the charge that the defendant was negligent as submitted in other instructions does not preponderate in favor of the plaintiff or is evenly balanced as between the plaintiff and defendant, or preponderates in favor of the defendant, then in that case your verdict must be for the defendant herein."

■■ Counsel for plaintiff seek to uphold the order granting a new trial on the ground assigned by the trial court, and by the bare assertion that the verdict was against the weight of the evidence. The latter ground was assigned in the motion for new trial. They cite no authority whatever on that point. The trial court had the authority to pass upon the weight of the evidence, had it desired, but this court certainly may not do so. If the trial court grants a new trial without specifying discretionary grounds, it shall never be pre-

sumed that the new trial was granted on any discretionary grounds. Rule 1.10. We pass that point without further discussion. Counsel for plaintiff do urge that given Instruction "B" was not only erroneous in its alleged omission, but that it constituted a misdirection and that it relieved defendant of the burden of proving contributory negligence by requiring plaintiff to disprove it. Broadly considered, we think we may regard the ground stated in the court's order (i. e., for failure to instruct on the burden of proof of contributory negligence) as a declaration that the burden of proof instruction, as given, was a misdirection. So considering it, we discuss the point as one included within the assignments of plaintiff's motion for new trial. The motion contained no assignment of any failure to instruct. Since the present order was made three months after the verdict and purported judgment, it may not be sustained under the power of the trial court to set aside or modify a judgment within the following thirty days. Section 510.370 RSMo 1949, V.A.M.S., as supplemented by 42 V.A.M.S. Supreme Court Rules, Rule 3.25. Plaintiff here is strictly relegated to the one assignment of his motion for a new trial.

■ We note again at this point that neither party offered an instruction specifically covering the burden of proving contributory negligence. It has been held several times that the mere failure to instruct on the burden of proving contributory negligence is not error where no such instruction is offered. Flint v. Loew's St. Louis Realty & Amusement Corp., 344 Mo. 310, 126 S.W.2d 193, 196; Bleil v. Kansas City, Mo., 70 S.W.2d 913; Cornwell v. Highway Motor Freight Line, 348 Mo. 19, 152 S.W.2d 10; Linders v. People's Motorbus Co. of St. Louis, 326 Mo. 695, 32 S.W.2d 580. Of course, this presupposes that the burden of proof instruction which is given does not constitute an actual misdirection on the subject, and, for the reasons stated, we think the present one does not. We are not concerned here with a problem of com-

plete nondirection on the merits of the case, such as was discussed in Dorman v. East St. Louis R. Co., 335 Mo. 1082, 75 S.W.2d 854. Moreover, no sufficient objection was made at the trial of the present case to any nondirection, nor, as stated, has the point been preserved in the motion for new trial. Such steps are necessary; see the Dorman case, supra; also, Raymond on Instructions, Perm. Ed., Vol. 1, pages 2–3. And if a party is thus precluded, the court may not independently act for him on a point not properly raised, after the expiration of the thirty day period. In order that there may be no confusion, we note that in this paragraph we have been dealing with mere nondirection.

■ Much has been written concerning burden of proof instructions, and considerable has been written with regard to instructions objected to on the particular ground now involved. In the following cases cited by counsel for plaintiff the respective burden of proof instruction was held to constitute a misdirection because it required plaintiff to prove by the preponderance of the evidence: "the facts which you have been told in other instructions are necessary * * * to entitle the plaintiff to recover," Thompson v. Byers Transp. Co., 362 Mo. 42, 239 S.W.2d 498, 501; or "the facts necessary to a verdict in his favor under these instructions," Bennett v. National Union Fire Ins. Co., 230 Mo.App. 939, 80 S.W.2d 914, 919; Szuch v. Ni Sun Lines, 332 Mo. 469, 58 S.W.2d 471; Tappmeyer v. Ryckoff, Mo.App., 45 S.W.2d 890; or because the instruction required a verdict for defendants if "the evidence on the issues in the case" was in favor of defendants or was equally balanced, Manar v. Taetz, Mo.App., 109 S.W.2d 721, 723. In these cases the courts regarded the language of the respective instructions as sufficiently broad to confuse the jury, that is, to lead the jury to believe that the issue of contributory negligence, or other affirmative defense, was included within the purview of the instruction. This element of supposed confusion was intensified in cer-

tain cases by the fact that the plaintiff's verdict-directing instruction included the requirement of a finding that the plaintiff was in the exercise of due care, or of the highest degree of care, and thus that question was deemed to be within the "facts" necessary to a verdict for plaintiff under the instructions. Thompson v. Byers Transp. Co., supra; Bennett v. National Union Fire Ins. Co., supra; Szuch v. Ni Sun Lines, 332 Mo. 469, 58 S.W.2d 471, supra.

On the other hand, there is a well considered group of cases holding that when the burden of proof instruction merely imposes on plaintiff the burden of proving the facts required to make out his own case, the instruction is not erroneous; and this is true, even though the instruction makes no specific reference to the burden of proof on the question of an affirmative defense, such as contributory negligence. This principle is recognized in certain of the cases cited by plaintiff's counsel. Thompson v. Byers Transp. Co., 362 Mo. 42, 239 S.W. 2d 498, loc. cit. 501; Manar v. Taetz, Mo. App., 109 S.W.2d 721, loc. cit. 723. Among the cases announcing that principle are: Cornwell v. Highway Motor Freight Line, 348 Mo. 19, 152 S.W.2d 10; Bleil v. Kansas City Mo., 70 S.W.2d 913; Flint v. Loew's St. Louis Realty & Amusement Corp., 344 Mo. 310, 126 S.W.2d 193; Linders v. People's Motorbus Co. of St. Louis, 326 Mo. 695, 32 S.W.2d 580; Mendenhall v. Neyer, 347 Mo. 881, 149 S.W.2d 366. We may also note the apt discussion in Montgomery v. Ross, Mo., 218 S.W.2d 99, although there the situation differed factually. It would be impracticable to discuss here the wording of the various instructions approved in all those cases. In some, if not all, the respective instruction was not so clearly confined to proof of the charge of negligence "made by the plaintiff against the defendant," as is the instruction in the present case. The essential question is whether the instruction would reasonably lead the jury to conclude that plaintiff had the burden of disproving his own negligence.

Thompson v. Byers Transp. Co., 362 Mo. 42, 239 S.W.2d 498, loc. cit. 501; Cornwell v. Highway Motor Freight Line, 348 Mo. 19, 152 S.W.2d 10, 13. The court in Bleil v. Kansas City, Mo., 70 S.W.2d at loc. cit. 914, made the pertinent remark that: "Surely an intelligent jury would understand that plaintiff's case did not include defendant's defense."

The present instruction contains the following phrases by way of qualification: "the charge made by the plaintiff against the defendant * * *"; "claiming that the defendant was negligent * * *"; "except when such charge is sustained * * *"; "such charge that the defendant was negligent * * *"; and "the charge that the defendant was negligent, as submitted in other instructions * * *." In two other places the words "this" and "such" were used to modify the word "charge." It would seem that especial care was used to eliminate references to negligence in such general terms as to reasonably include the issue of contributory negligence.

Some objection is also made to the second and third paragraphs of the instruction as specifically constituting misdirection. What we have said covers the entire instruction. See, generally, on the form of this instruction: Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S.W.2d 742, and Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S.W.2d 562, where instructions very similar were approved. In those cases the respective instructions also included the phrase "to the satisfaction of the jury" which has since been much criticized. Machens v. Machens, Mo., 263 S.W.2d 724, and cases there cited. The present instruction contains nothing of that sort. As this court has previously said, however, we do think that it would be much better if the bar, generally, would adopt and use more concise forms of instructions on the burden of proof, without verging upon the repetitive or argumentative approaches. However, we find nothing in the present instruction which we have held to be error.

■ Finally, counsel urge, somewhat ambiguously, a point which we take to mean that defendant's given Instruction "D" on contributory negligence does not sufficiently hypothesize the facts, citing Voyles v. Columbia Terminals Co., Mo.App., 239 S.W.2d 559. The situations in the two cases are in nowise similar. Here the instruction hypothesizes and requires the essential findings that plaintiff was not driving to the right of the center of the road so as to permit passing without interference, that he did not drive as near as practicable to the right-hand side, and that in each particular he was thereby negligent. This was certainly a sufficient hypothesization of the essential claims of negligence on the part of plaintiff; the instruction expressed clearly the essential disagreement in the evidence.

■ We need not consider whether or not the burden of proof instruction was prejudicial, as argued pro and con by the parties, for we hold that it was not erroneous. The trial court improperly granted a new trial. Our Rule 3.22, cited by both parties, in nowise supports the ruling; it presupposes a motion for new trial which assigns a proper ground for a new trial. We have discussed the only assigned grounds which have been presented to us by counsel. The order of the court did not specify any factual or discretionary ground, and we may not regard it as based on such. Rule 1.10.

■ Before concluding this opinion, we take occasion to note that the supposed entry of judgment following the verdict here, was (verbatim) as follows: "Now on this day comes Jury, returns verdict for defendant, Judgment for defendant in accordance with verdict." This, of course, is in no sense an entry of judgment. Since the cause is being reversed, we may and do now direct the entry of a proper judgment for. defendant as of the date of the verdict. The record is sufficient for that purpose. Occasionally causes come to this court with no proper entry of judgment.

while the clerk may properly receive assistance from counsel, if needed, and while counsel might be well advised to check the record, the primary responsibility for the entry of a judgment is upon the clerk. State ex rel. Chandler v. Allen, 235 Mo. 298, 138 S.W. 339, 341.

The order of the court sustaining plaintiff's motion for new trial is reversed, and the court is hereby directed to reinstate the verdict of the jury, and to enter, pursuant thereto, a judgment for defendant as of that date. It is so ordered.

All concur.