James **ALEXOPOULOS,** (Plaintiff)
Appellant,

v.

Vernon Ralph **SIMMONS,** (Defendant)
Respondent.

No. 49961.

Supreme Court of Missouri,

Division No. 1.

Oct. 14, 1963.

Gene A. DeLeve, and Casemore, Berman & DeLeve, Kansas City, for plaintiff-appellant.

Richard H. Heilbron, and Heilbron & Powell, Kansas City, for respondent.

HOLMAN, Judge.

Plaintiff in this action sought to recover damages in the sum of $20,450 for personal injuries and property damage resulting from a collision between his car and one driven by defendant. The trial resulted in a verdict for defendant. Plaintiff has appealed and here contends that the trial court erred in giving Instructions 6, 7, 9, 10 and 11 at the request of defendant. We have appellate jurisdiction because the amount in dispute exceeds the sum of $15,000. Art. V, § 3, Constitution of Missouri, V.A.M.S.; § 477.-040 RSMo 1959, V.A.M.S.

The collision here involved occurred on August 25, 1960, at about 8:30 p. m. on north-south Hillcrest Road in Kansas City, Missouri, at a point near the entrance to the grounds of Hillcrest Country Club. A light rain was falling at the time and the road, which was paved with asphalt, was wet and slick. The speed limit at that place was 35 miles per hour. Plaintiff testified that on the evening in question he was driving his Mercury automobile south on Hillcrest Road at a speed of between 25 and 30 m.p.h. and after passing the entrance to Memorial Park Cemetery, and at a point where the road curves to the right, he saw the headlights of an approaching car which appeared to be in its proper (northbound) lane; that his (plaintiff's) car was about two feet west of the center of Hillcrest Road at that time; that the next thing he remembered was when he awakened in an ambulance; that he again lost consciousness and thereafter "woke up" in the emergency room at General Hospital; that a cut over his left eye was sutured and bandaged and he was released from the hospital later that evening. There was evidence to indicate that plaintiff had suffered a concussion which caused retrograde amnesia so that he could not recall, after his injury, what had occurred during a period of time prior thereto. There was a great deal of testimony at the trial concerning plaintiff's injuries, but those facts need not be related as they are not relevant to the issues raised upon this appeal.

During the hour preceding the collision defendant, then 20 years of age, and three other young people, Jack Cordsen, Joan Worrell, and Mary McQueen had had dinner at the Hillcrest Country Club. They left the club about 8:20 p. m. with the intention of attending a movie in Kansas City. Jack Cordsen testified that the car was owned by his father but was being driven by defendant; that as their car was being driven northwardly at a speed of between 20 and 25 m.p.h., he saw a car approaching which was "fishtailing," i. e., the back end thereof was skidding from side to side, and it was being driven on the east side of the road; that defendant then applied the brakes and their car turned around in the road so that the rear end thereof was sliding forward; that there was a forceful collision between the rear of their car and the left front part of plaintiff's automobile. This witness expressed the opinion that plaintiff's car was being driven at a rate of 50 m.p.h. when he first saw it. He also stated that after the collision their car came to rest with six inches thereof west of the center line.

Defendant testified that the Cadillac he was driving was equipped with power brakes and power steering, and that he had had no experience in driving a car with power brakes and very little experience with power steering; that when he first saw plaintiff's car it was in the middle of the road and he immediately applied the brakes and attempted to turn his car to the right in an

effort to get onto the shoulder; that the car slid around clockwise 180 degrees so that the front of his car was facing south.

Plaintiff read from the deposition of defendant as an admission against interest an answer to the effect that at the time of the collision "two feet" of his car "was on the left or west side of the roadway."

Plaintiff's case was submitted upon the hypothesis that defendant applied the brakes of the Cadillac suddenly and forcibly and caused it to spin around and cross the center line of Hillcrest Road onto the left or south lane thereof, and to come into collision with plaintiff's automobile, etc.

The defendant requested and the court gave an instruction submitting plaintiff's contributory negligence in driving at a dangerous and excessive rate of speed under the conditions, and in operating his automobile to the left of the center of the roadway.

■ We have concluded that the judgment must be reversed and the cause remanded for a new trial because of prejudicial error in the giving of Instruction No. 7, which reads as follows: "The court instructs the jury that the burden is upon the plaintiff to prove by the greater weight or the preponderance of the credible evidence in this case the facts necessary to a verdict in his favor under the instructions given to you by the court, and unless he has done so your verdict will be for the defendant."

■ Plaintiff correctly contends that said instruction imposed upon plaintiff the burden of proving that he was not guilty of contributory negligence. It is elementary that contributory negligence is an affirmative defense and the burden of proving same is on the defendant. Before plaintiff was entitled to "a verdict in his favor under the instructions given" the jury was required to find that defendant was guilty of negligence, in the respects submitted, which was the proximate cause of his injuries, *and* that plaintiff was not guilty of negligence, in the respects submitted, which contributed to cause the collision. The instruction under

consideration placed the burden upon plaintiff to prove "the facts necessary to a verdict in his favor under the instructions given." That clearly included proof of facts showing that plaintiff was free from contributory negligence. In this connection we observe that no instruction was given which told the jury that the burden was on the defendant to prove that plaintiff was guilty of the submitted acts of contributory negligence.

In the case of Thompson v. Byers Transp. Co., 362 Mo. 42, 239 S.W.2d 498, 501, the burden of proof instruction informed the jury "that the burden of proof in this case rests upon the plaintiff to prove by a preponderance of the credible evidence in this case the facts which you have been told in other instructions are necessary to be found to entitle the plaintiff to recover." Plaintiff's verdict-directing instruction in Thompson required a finding that at and prior to the time of the collision plaintiff was exercising the highest degree of care. Also, an instruction was given, at defendant's request, submitting plaintiff's contributory negligence in a number of respects therein specified. After a consideration of the cases cited, the court concluded that the quoted portion of that instruction "placed the burden on plaintiff to establish he was exercising the highest degree of care at the time in question, and was, therefore, misdirection and constituted prejudicial error."

A part of the burden of proof instruction given in the case of Tappmeyer v. Ryckoff, Mo.App., 45 S.W.2d 890, 891, stated that "the burden of proof is on the plaintiff to establish by the preponderance or greater weight of the evidence, the facts necessary to a verdict in her favor under these instructions." Contributory negligence was alleged and submitted in that case. The instruction was held erroneous because it did not specify that the burden of proving contributory negligence was on the defendant.

■ Defendant has called our attention to the fact that in the instant case plaintiff's verdict-directing instruction required a find-

ing "that plaintiff was at all times in the exercise of the highest degree of care for his own safety." (In that connection it should be noted that under the ruling in Moore v. Ready Mixed Concrete Co., Mo. Sup., 329 S.W.2d 14, plaintiff was required to negative contributory negligence in that instruction.) However, that submission in plaintiff's instruction did not cure the error in Instruction 7, but, in our opinion, tended to accentuate it. We so held in Szuch v. Ni Sun Lines, 332 Mo. 469, 58 S.W.2d 471. In that case the burden of proof instruction read as follows: "The court instructs the jury that the burden of proof is on the plaintiff to establish by the preponderance or greater weight of the evidence, the facts necessary to a verdict in his favor under these instructions." 58 S.W.2d 473. In holding the instruction prejudicially erroneous the court stated that "[w]hile instruction No. 1, given at plaintiff's request, required the jury to find from the evidence as a condition of plaintiff's recovery that his automobile was being driven and operated without any negligence on his part, it did not place the burden of proving plaintiff's freedom from negligence upon him. Absent proof of such negligence the jury would find that plaintiff was not negligent. But instruction No. 6 told the jury that the burden of proof was 'on the plaintiff to establish by the preponderance or greater weight of the evidence, the facts necessary to a verdict in his favor under these instructions.' In the light of instruction No. 1, which was one of 'these instructions,' the jury might well conclude that this meant that the burden was on plaintiff to prove that his automobile was driven and operated without any negligence on his part, * *." 58 S.W.2d l. c. 473.

In support of his contention that the instruction under consideration was not prejudicially erroneous, defendant has cited Bleil v. Kansas City, Mo.Sup., 70 S.W.2d 913, Flint v. Loew's St. Louis Realty & Amusement Corp., 344 Mo. 310, 126 S.W. 2d 193, Sutton v. Fox Missouri Theatre Co., Mo.Sup., 356 S.W.2d 41, Byrd v. Mc-

Ginnis, Mo.Sup., 299 S.W.2d 455, and Bowers v. Etherton, Mo.Sup., 216 S.W.2d 83. An examination of those cases disclose that the burden of proof instruction in each one contained language so different from the one under consideration that we must conclude that they do not support defendant's contention herein.

Since the judgment must be reversed and the cause remanded for a new trial because of the error in giving Instruction No. 7, we deem it unnecessary to rule the contentions of error in regard to the other instructions heretofore mentioned. Counsel for defendant will have the opportunity to re-examine those instructions, and, if it is considered advisable to offer them at another trial, may make such corrections therein as may be considered necessary in view of the attack made thereon by plaintiff.

Reversed and remanded.

All concur.