Patty HIGHFILL, Respondent,

v.

John MAIER, Appellant.

No. 23930.

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

John R. Baty, Sheridan, Baty, Markey, Sanders, Edwards & Carr, Kansas City, for appellant.

Thaine Q. Blumer, Blumer & Wright, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an action for damages for personal injuries arising out of an automobile collision in the intersection of 33rd Street and Robert Gillham Road in Kansas City, Missouri. Plaintiff recovered a verdict and judgment for $2000. Defendant appealed.

On March 13, 1961, plaintiff was driving an automobile with her two children as passengers on their way to school which was about two blocks east of the intersection where the collision occurred. Plaintiff was taking the same route that she usually drove to the school.

While Gillham Road runs generally north and south, it bends about one block or 200 feet south of the accident scene to run northeast and southwest. Plaintiff testified that as she approached Gillham Road from the west she came to a stop sign, stopped her automobile and waited for the traffic to clear from the left. After the southbound traffic cleared, plaintiff looked to her right and saw the defendant's vehicle, along with two others, coming north on Gillham and about at the bend. While she did not judge the speed of those automobiles, the speed limit on Gillham was 35 miles per hour. Plaintiff's observation of the three cars was that they were coming slow enough for her to cross.

Plaintiff's maximum speed crossing the intersection was from 10 to 15 miles per hour. She was going about 15 miles per

hour at the time of the impact, and was going at the same rate of speed when she was in the fourth lane from the stop sign, or about 40 feet across the intersection. The defendant's automobile speeded up from where plaintiff first saw it to where she saw danger of the collision, so that when she saw the danger of a collision, it was about one car's length ahead of the other two cars. Plaintiff testified that had she tried to stop when she saw the danger of a collision, she would have been hit by the other cars.

Although present at the trial, defendant did not see fit to take the witness stand.

██ Defendant's first contention is that plaintiff was guilty of contributory negligence as a matter of law. In passing upon this question we must view plaintiff's evidence in the light most favorable to her and the plaintiff cannot be convicted of contributory negligence as a matter of law unless the evidence is such as to show negligence on her part beyond an inference to the contrary. Or, as is so often stated, if reasonable minds might well differ as to the question of plaintiff's negligence, then the matter is one for the jury.

██ Plaintiff testified that when she arrived at the intersection of Gillham, which was approximately 60 feet in width, she observed southbound traffic and allowed the same to pass. While at the sign she observed the defendant and two other cars abreast at least 200 feet from the intersection. She believed that she had adequate time to cross the intersection ahead of these automobiles, since the speed limit imposed on Gillham Road was 35 miles per hour. When she first observed the defendant and the other cars they were all abreast, but after she had gotten into the intersection and had crossed four of the six lanes, or approximately 40 feet of the roadway, she suddenly discovered that defendant was pulling ahead of the other two vehicles to his left. According to her evidence, plaintiff did not race through the intersection without stopping for the

sign, nor did she pull forward into the intersection knowing about the presence of the other automobiles without continuing to observe them, but only realized the danger of the collision when the defendant's automobile speeded up in the outside lane, passing the other vehicles and creating the danger.

The following quotation from the case of Ritzheimer v. Marshall, 168 S.W.2d 159, 165, Mo.App., is applicable to the instant case.

"Plaintiff had reached the intersection first and started across it when defendant was still more than a half block away, with nothing to indicate dangerous, careless or improper operation of his automobile. Plaintiff, therefore, had the right of way. Minnis v. William J. Lemp Brewing Co., Mo.App., 226 S.W. 999, 1000. As stated by the trial judge in his memorandum, plaintiff had the right to assume that defendant saw her and that he would not act negligently. Hopkins v. Highland Dairy Farms, 348 Mo. 1158, 159 S.W.2d 254, 256; Housley v. Berberich Delivery, Inc., Mo.App., 87 S.W.2d 209, 211. The question of whether plaintiff was guilty of contributory negligence was, in our opinion, clearly a matter for the jury to determine."

We rule the contention against defendant.

██ Defendant next contends that plaintiff failed to make a submissible case. According to plaintiff's testimony at the time her automobile entered the intersection the defendant's car was 200 feet to the south. The settled law of this State is that the vehicle first reaching and entering an intersection has the right of way over a vehicle subsequently reaching it, and the driver of the latter vehicle should delay his progress so as to allow the first arrival to pass in safety. Sommer v. St. Louis Public Service Co., 262 S.W.2d 335, Mo. App.; Creech v. Blackwell, 298 S.W.2d 394, Mo.Sup.; Roberts v. Wilson, 225 Mo.App. 932, 33 S.W.2d 169. Defendant, instead of

decreasing the speed of his automobile so as to allow plaintiff to pass through the intersection to safety, pulled ahead of the other two vehicles on his left and thus brought about the collision. The contention lacks merit.

 Defendant's final contention is that the giving of Instruction No. 1 on plaintiff's behalf constituted error. Among other things it required a finding "that when plaintiff *entered* the intersection defendant's vehicle had *not yet entered said intersection,* nor was it approaching so close thereto as to constitute an immediate hazard, and if you find that *after* plaintiff entered said intersection defendant failed to yield the right of way to plaintiff, and that in so doing defendant failed to exercise the highest degree of care and was thereby negligent, if you so find, and if you further find that such negligence directly caused plaintiff to be injured, if so, and if you find that plaintiff was not negligent as submitted by Instruction No. 4 * * *."

Instruction No. 4, referred to in Instruction No. 1, was given on behalf of defendant. It required a finding for defendant if plaintiff drove her automobile into the intersection and into the path of defendant's automobile when it was so close that there was danger of a collision between the vehicles, "and that in the exercise of the highest degree of care the plaintiff could have seen there was danger of a collision with the defendant's automobile if plaintiff drove her automobile into the path of defendant's automobile, and if you further find that plaintiff failed to exercise the highest degree of care * * *."

In support of his contention defendant cites the case of Knight v. Richey, 363 Mo. 293, 250 S.W.2d 972. That case does not aid defendant. The instruction under consideration in that case was held to be good inasmuch as it required a finding "that plaintiff in entering and proceeding across the intersection was exercising the prescribed degree of care under the circumstances" and "that defendant had 'negli-

gently failed to yield the right of way' to plaintiff." Since instructions must be considered as a whole, it is plain to be seen that when Instructions No. 1 and No. 4 are read together the requirement laid down in the Knight case was fully complied with. In our opinion, Instruction No. 1 is free from prejudicial error under the holdings in the Sommer and Creech cases cited above.

The judgment is affirmed.

All concur.