Elmer D. COLBY and Nina Z. Colby, Plaintiffs-Respondents,

v.

NATIONAL GENERAL INSURANCE COMPANY, Defendant-Appellant.

No. KCD 26029.

Missouri Court of Appeals, Kansas City District.

Jan. 19, 1973.

Colby in the amount of $1500.00, and judgment was entered thereon. After an unsuccessful motion for a new trial, the insurer-defendant appealed to this court.

The only point raised on this appeal is that the court below erred in failing to sustain defendant's motion for judgment in accordance with its motion for a directed verdict because under the evidence, the plaintiff, Elmer Colby, was contributorily negligent as a matter of law. The contributory negligence charged against him was failure to keep a careful lookout and failure to yield the right of way.

The case was submitted to the jury under instructions directing verdicts for the plaintiffs upon the finding that Arduth Dipper, the uninsured motorist, negligently drove at excessive speed, and upon the asserted contributory negligence of the plaintiff, Elmer Colby.

No criticism is leveled at any of the instructions, so we are required to decide the one limited issue of whether or not plaintiff Elmer D. Colby was guilty of contributory negligence as a matter of law upon the record before us. If so, the trial court should have directed a verdict for the defendant. If not, the issue of his contributory negligence was properly submitted to the jury and resolved by it in favor of the plaintiffs.

In determining this narrow issue, a somewhat complete analysis of the evidence is necessary to reach a solution. In so doing, we are guided and restricted by certain well-established rules.

■■ The burden of proof of contributory negligence falls on defendant, unless it can be said to have been established as a matter of law from plaintiffs' own proof. Plaintiff Elmer D. Colby's contributory negligence is for the jury unless reasonable minds can draw no other conclusion from the facts than that plaintiff, Elmer D. Colby, was negligent. In ruling this point upon appeal, this court must view the whole evidence and the inferences deduci-

Walter F. Moudy, Morris, Foust, Moudy & Beckett, Kansas City, for defendant-appellant.

Allan R. Browne, Ennis, Browne, Martin & Tapp, Kansas City, for plaintiffs-respondents.

Before DIXON, P. J., and CROSS and SWOFFORD, JJ.

SWOFFORD, Judge.

On May 17, 1969, an automobile operated by the plaintiff, Elmer D. Colby, in which he was the sole occupant, was in collision with an automobile driven by one Arduth Dipper and in which her husband, Eldon Dipper, was riding. Mrs. Dipper carried no liability insurance but the Colbys' automobile insurance provided for uninsured motorist coverage in the appellant company. Suit was filed by the Colbys against their insurer for Mr. Colby's personal injuries, and on behalf of Mrs. Colby for the loss of services of her husband. The jury returned a verdict for Mr. Colby in the amount of $3500.00 and in favor of Mrs.

ble therefrom in the light most favorable to the plaintiffs and accept the same as true and the evidence and all inferences favorable to the defendant are disregarded. Thompson v. Byers Transportation Co., 362 Mo. 42, 239 S.W.2d 498; Parsons v. Noel, Mo.Sup., 271 S.W.2d 543; Dalby v. Hercules, Inc., Mo.Sup., 458 S.W.2d 274; Lynch v. Hill, Mo.Sup., 443 S.W.2d 812.

■ Viewed in this light, the evidence before us may be summarized as follows:

Prospect Avenue is a north-south street, 48 feet wide, and parking is permitted along each curb so that at times there is adequate room for only one lane of moving traffic northbound and one southbound. Prospect is intersected by 60th Street, 27 feet in width, at approximately right angles north of the place of the collision here involved. Prospect is one of the old north-south arteries for traffic and is a busy street, lined on both sides with small businesses in the vicinity of this collision.

On Saturday, May 17, 1969, the plaintiff, Elmer D. Colby, drove his automobile into a service station on the southwest corner of 60th and Prospect to purchase gasoline. This service station has three driveways into Prospect on the west side of the street. The northern drive is just south of 60th Street and the south drive is approximately 200 feet south of 60th Street.

After plaintiff Elmer D. Colby had finished his business at the service station, he drove his car to the south driveway of the station, headed east. He intended to make a left turn on Prospect and proceed north on that street. He stated that the traffic was heavy northbound on the east side of Prospect and he brought his car to a stop in the south drive, clear of the street, and waited there for 3 or 4 minutes, observing the traffic and waiting for it to clear, so that he could proceed with his intended left turn. While so stopped, he looked in both directions, north and south.

Colby testified that just before he started into Prospect, he saw a southbound vehicle about 300 feet north of 60th Street. By actual measurements (made at a later date) the left side of the Colby car was then 203 feet south of 60th Street, 60th Street was 27 feet wide, and his judgment was that the southbound car was 300 feet farther north of 60th Street. Thus, the jury could have found that a distance of 530 feet separated the two vehicles when Colby started into Prospect.

As Colby started into Prospect at a speed which he judged to be 3–4 mph, he looked to the south and observed no northbound traffic in the immediate vicinity. When he looked back to the north, he observed the southbound car just entering the 60th Street intersection and it was still about 230 feet away. Colby could not judge the speed of this car, but the front end of his car was then in the center southbound or second lane from the west curb of Prospect. He then looked back to the south and observed a northbound vehicle on the east side of Prospect, which had slowed down and "very nearly stopped". This was the pick-up truck which witness Lawrence Gray was occupying as a passenger.

When the front of Colby's car was about at the center line of Prospect, he again saw the southbound car about 3 or 4 car lengths (60–80 feet) to his left and judged its speed at 40–45 mph. He tried to speed up, the other car appeared to first turn to the right to go in back of him, then "whipped back" into him and the front of that car struck the left front side of Colby's car. The evidence supports the view that at the time of impact, the front of Colby's car was across the center line of Prospect and the Dipper automobile was astraddle that line.

Officer Hoeykens of the Kansas City police department testified that the Dipper car made 29 feet of skid marks before impact and 12 feet after impact, and that part of these marks were east and part west of the center line. He stated that the impact knocked the Colby car 22 feet south in a

sideways motion. He stated that Arduth Dipper's breath had the odor of alcohol and that from his observation of her at the scene and later at the hospital, he concluded that she was under the influence of alcohol and that her driving ability was impaired. He stated that the collision occurred at about noon on Saturday, May 17, 1969, the streets were dry, and that the speed limit on Prospect was 35 mph.

Witness Lawrence Gray was riding in a pick-up truck northbound on Prospect and being driven by his brother, who at the time of the trial was in the service and not available as a witness. He stated that when the Colby car pulled into Prospect and headed east, he judged its speed at 5–10 mph. At about that time, he saw the Dipper car about one-fourth of a block north down the street and judged its speed at "40 miles an hour or more". He placed the point of impact at about the center line. The pick-up in which he was riding was south of the collision and not involved.

Plaintiffs offered the deposition of Eldon Dipper, the husband of driver Arduth Dipper, who was the only passenger in the Dipper car. He testified that his wife had picked him up a "Pop's Place", a "beer joint" at 55th and Prospect; they had driven to Paul's Market at 59th and Prospect, where they had picked up some groceries, and had then proceeded south on Prospect in the lane next to the center line at "I would guess 30 miles an hour". He first saw the Colby car "right in front of me" 30 feet, "maybe more" from the Dipper car. Colby's car was moving very slow but he could not judge its speed. His wife applied the brakes but did not swerve.

Mrs. Arduth Dipper did not testify in the trial, either in person or by deposition.

The only evidence offered by the defendant was excerpts from the deposition of plaintiff Elmer D. Colby, offered as admissions against interest, wherein he testified that he first saw the Dipper car when it was about 150 feet away from his car and that from his stopped position before

entering Prospect he could see about 150–160 feet north on Prospect and that he never did see the Dipper car before he pulled into Prospect.

We have reached the conclusion that the court did not err in failing to direct a verdict for the defendant upon the ground that plaintiff, Elmer Colby, was guilty of contributory negligence as a matter of law. Under the record, this issue was properly for the jury.

In arriving at this conclusion, we are not unmindful of the legal obligation resting upon Colby as he came from the private driveway of the filling station into Prospect Avenue, to keep a careful and vigilant lookout and to otherwise exercise the highest degree of care in the operation of his automobile. But he was not required to maintain a continuous lookout to the north from whence the Dipper car was approaching, but properly maintained the lookout also to the south. Schmittzehe v. City of Cape Girardeau, Mo.Sup., 327 S.W.2d 918, 923; Jones v. Fritz, Mo.App., 353 S.W.2d 393, 398; Albert H. Hoppe, Inc. v. St. Louis Public Service Co., Mo.App., 227 S.W.2d 499, affirmed on this point Mo. Sup. 235 S.W.2d 347, 348. The issue of failure to keep a careful and vigilant lookout is usually a jury question, and it is in the case before us. Slaughter v. Myers, Mo.Sup., 335 S.W.2d 50, 54; Brandt v. Thompson, Mo.Sup., 252 S.W.2d 339, 341; Pitts v. Garner, Mo.Sup., 321 S.W.2d 509, 518.

Also, Colby had a legal right to move from the private filling station driveway into Prospect Avenue, so long as he exercised the proper degree of care in so doing. While he was required to yield the right of way to vehicles on Prospect moving so closely as to create an immediate hazard, if under the conditions and in the exercise of the highest degree of care, he had the reasonable belief that no such immediate hazard existed and that he could cross and make his left turn in safety, he cannot be convicted of contributory negli-

gence as a matter of law in failing to yield the right of way. Taylor v. Schneider, Mo.App., 370 S.W.2d 725, 728–729; Jones v. Fritz, Mo.App., supra; Johnson v. Bush, Mo.App., 418 S.W.2d 601; Schmittzehe v. City of Cape Girardeau, Mo.Sup., supra.

■ Colby had a right to assume that the Dipper car would be driven in obedience to the speed limit on Prospect and would be operated by a competent driver with the highest degree of care. He was not required to anticipate excessive speed or operation in an otherwise negligent manner. He was required to act or refrain from action only when such negligence was apparent or in the exercise of the highest degree of care when it should have been apparent to him. Cooksey v. Ace Cab Company, Mo.Sup., 289 S.W.2d 40, 44; Wheeler v. Breeding, Mo.App., 109 S.W.2d 1237, 1242; Highfill v. Maier, Mo.App., 379 S.W.2d 191, 193; Walsh v. Southtown Motors Company, Mo.Sup., 445 S.W.2d 342, 347.

The evidence before us, legitimate inferences therefrom, and an application of the above principles would not justify a ruling that reasonable minds could draw no other conclusion than that he acted in a negligent manner and the issue of his contributory negligence was properly left for the jury's determination.

■ Appellant attempts to persuade us toward another result, based upon complicated mathematical computations finding source in conflicting evidentiary estimates as to speeds, distances and positions of the vehicles involved. While such conflicting testimony was properly for the jury's consideration and for argument, these parts thereof forming the basis for appellant's hypothesis cannot be accepted as absolute facts which the jury (and now this court) is bound to accept as convicting Colby of contributory negligence as a matter of law. This, we decline to do. Zumault v. Wabash Railroad Co., Mo.Sup., 302 S.W.2d 861, 864–865; Smith v. Siercks, Mo.Sup., 277 S.W.2d 521, 525; Johnson v. Bush,

Mo.App., supra. Neither can we accept as fact nor as judicial admissions absolutely binding upon plaintiffs the admissions against interest read from Elmer Colby's deposition. While, indeed, these deposition estimates of visibility and distances were somewhat different from those given by him in court, at most, they were matters properly before the jury bearing upon his credibility and the believability of his in-court testimony. Moore v. Ready Mixed Concrete Company, Mo.Sup., 329 S.W.2d 14, 20; Parmley v. Henks, Mo.Sup., 285 S.W.2d 710, 714; Boone v. Richardson, Mo.App., 388 S.W.2d 68, 73.

We have carefully reviewed the authorities relied upon by appellant and are not persuaded by them. Each case differs factually from another and must be judged upon its particular facts and circumstances. Appellant's authorities are clearly distinguishable from the case at bar. For example, here, we are not confronted by evidence that the plaintiff, Elmer D. Colby, was completely indifferent to apparent danger (as in Wells v. Wachtelborn, Mo. App., 410 S.W.2d 558; Burton v. Moulder, Mo.Sup., 245 S.W.2d 844, and Folluo v. Gray, Mo.App., 256 S.W.2d 273); nor cases where the plaintiff was attempting to race or beat the defendant across an intersection (as in Yeaman v. Storms, en banc, 358 Mo. 774, 217 S.W.2d 495); nor where the plaintiff either failed to look or failed to see that which was plainly visible (as in James v. Berry, Mo.App., 301 S.W. 2d 530; Davis v. Quality Oil Co., Mo.Sup., 353 S.W.2d 670, and Payne v. Smith, Mo. Sup., 322 S.W.2d 764).

In summary, from the record before us, reasonable minds could find (as this jury did) that Colby made a careful and vigilant lookout for traffic on Prospect before moving from the private filling station driveway to make a lawful left turn to proceed north on Prospect; that he saw the Dipper car then about 530 feet north and that at that time it presented no apparent or immediate hazard to him or others; that he assumed it was being operated in a

lawful manner and at a lawful speed and by one not under the influence of alcohol; that by moving into Prospect under those conditions he preempted the right of way; that the situation presented to him had the reasonable appearance of safety and that accordingly, he was not guilty of contributory negligence and was entitled to recover.

The verdict and judgment below in favor of the plaintiffs is accordingly affirmed.

All concur.